WILLIAM A. WALTON *et al.*, executors, plaintiffs in error, *vs.*
THE AUGUSTA CANAL COMPANY, defendant in error.

1. It is not a good cause for a new trial that the losing party has discovered, since the verdict, that one of the jurors who tried the cause was an applicant, or was about to be an applicant, for the office of policeman under the city government, which government was a party to the suit, and had the verdict, as was claimed, too favorable to it.

2. The charge of the judge in this case was not unfair to the plaintiffs in error.

3. The verdict of the jury is not so contrary to the evidence as to justify this court in overruling the judgment refusing a new trial.

Jury.   New trial.   Before Judge GIBSON.   Richmond Superior Court.   April Term, 1874.

This case was an appeal from the award of arbitrators appointed to assess the damages done to the estate of Benjamin H. Warren by reason of the appropriation of certain lands belonging to said estate by the canal company. The canal company was, in fact, the mayor and council of the city of Augusta. The evidence is omitted as unnecessary to an understanding of any principle of law involved. The jury found for the executors $5,594 50. They moved for a new trial upon the following grounds, to-wit:

1st. That the verdict of the jury gives grossly insufficient damages, and is strongly against the weight of the evidence.

2d. That the court misled the jury, and caused them to believe that they could not allow anything for damages caused by obstructing *access* to fisheries, or by obstructing access to the river, by charging as follows: " As it is, there can be no damages awarded for these obstructions, then the actual damage is the value of the land taken by the company, and agreed to be taken and paid for, and the land overflowed. In estimating the value for agricultural purposes, you may also consider any other purposes, its value as a fishery, and you may take that into consideration. Whatever damages *these fisheries* may have sustained by the enlargement, that is an element of damage, and you may add that."

3d. That the court misled the jury by charging them: "You will then write your verdict, we, the jury, find for the owners of the land $5,000 00, or $3,000 00, or $2,000 00, or $10,-000 00, as you may find the amount to be," thereby leading the jury to believe that they could find as low as $2,000 00, or $3,000 00, when the smallest valuation on the land taken was $3,996 00, and the jury were thereby caused to proceed on a wrong basis.

4th. That the court erred in charging the jury, " Numbers of witnesses do not decide—twenty against one, or at least against two, or two against twenty, should not prevail. Avoirdupois weight, or mere numbers does not decide."

5th. That since rendition of the verdict, it has been discover-

ed that one of the jurors was a contractor on the canal, and another was an applicant for a position under the city.

In support of the last ground, Olin testified (under order of court, declining to give his affidavit, as also did another witness, Crump,) that Best, one of the jurors, told him before the trial that he had made, or. was about to make, application for the position of policeman of the city of Augusta; that since then he had seen him on the police force. Crump testified to the same facts. Against the motion, Mr. Foster, counsel for city, testified that in striking the jury, Estes, the mayor of said city, told him to strike Best off, as he might have feeling because of having been discharged from the police force some time before. Estes testified to the same effect, and added, that so far as he knew, Best was not an applicant to the mayor or council for position on the police force, and that when he was re-appointed afterwards, it was done without reference to this case.

The motion was overruled and the plaintiffs excepted.

W. H. HULL; HOOK & WEBB, for plaintiffs in error.

JAMES C. C. BLACK; H. CLAY FOSTER, for defendant.

McCAY, Judge.

1. The interest of this juror—the presumption of his bias, is extremely remote. The affidavit does not even show he was an applicant for office under the city government. The witnesses qualify even this by saying, "or was about to be." If it were a good ground for new trial that a juror was in any way situated as to make it desirable for him to make fair weather with one of the parties, we fear few verdicts would stand. To justify setting aside a verdict on the ground of a prejudiced juryman, either the fact of bias should appear, or such a relation between the parties, as that of kindred, or the actual relation of master and servant, from which the law infers bias. It would be extending the inference beyond all reasonable bounds, to say that one is biased who is seeking to be

the servant of another, or who is about to seek to be so. It appears, too, from the counter-affidavits, that the juror had, in fact, been discharged from the city service, and the inference, if any, would be bias against the city.

2. We do not think the charge, taking it altogether, was unfair to the plaintiff in error. The difference between damage to the fisheries by flooding them or diverting the water, and damage by making them less accessible, is not very perceptible, and the judge put before the jury fully that injury to the fisheries, was one of the matters for them to pass upon. Nor in his statement that the agreement took out of the case damage for *the land* cut off on the side of the river, is there, by any fair inference, any exclusion of the question of damage for difficulty of access to the fisheries. The whole charge must be taken together, and no jury at all attentive to the charge could be misled. It is evident, too, from the verdict, that the question of damages for difficulty of access to the fisheries was considered.

3. We suspect the real ground of this motion turns on the verdict and that the other grounds are only put in as a make weight. We think the verdict not contrary to the testimony. We know nothing of the high character of the witnesses on one side, or the humbleness of those on the other, and there is certainly a plenty of testimony, if the jury believed it, to authorize the verdict. As to the fisheries, we cannot but think the statements of some of the witnesses of the land owner very extravagant. An income, such as they estimate, would make the fact that they had been in the main abandoned, inexplicable. At any rate, the jury are not only the legal, but the proper judges of the credibility of the witnesses, and it would be a violation of the uniform rulings of this court for us to interfere. We must say, too, that we think the plaintiffs in error ought to be satisfied. They have got more than, under their own oath to the tax receiver, their land was worth. Even the fisheries do not seem to have made any large element of its value, when they came to give it in for taxes. We can understand how counsel, in the warmth of

their interest for their clients, may see very great damage in this appropriation, but a jury, under oath, or a court of review, must take a far less onesided view of the matter.

Judgment affirmed.