WELLS *vs.* THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD

An attachment was issued against a non-resident debtor, and a summons of garnishment served on the East Tennessee, Virginia and Georgia Railroad Company by serving a station agent in this state. The answer to the summons showed that the corporation acted under charters from each of the states through which its road passes and in which it transacts business, and that it was indebted to the defendant in attachment for wages as a day laborer, working for it in the state of Tennessee, where he resided and where it conducted its operations; that by the laws of that state, the amount of wages due to him was exempt from the payment of his debts; that he had sued it for this amount in the state of Tennessee, and though the garnishment was pleaded as a defence, had recovered judgment against it. The answer denied any indebtedness in this state to the defendant, or that he had ever rendered any service to the corporation here, or that it had any effects of his, etc.:

*Held*, that, under this answer, the debtor has neither effects nor a debt due to him from the garnishee in this state; nor has he any effects on which an attachment could be levied or to which the jurisdiction of the courts of this state could attach.

(*a.*) This case differs from that of *Kyle & Co. vs. Montgomery et al.* 73 *Ga.*, 337.

March 10, 1885

Garnishment. Debtor and Creditor. Attachment. Railroad Corporations. Jurisdiction. Before Judge BRANHAM. Whitfield Superior Court. October Term, 1884.

Reported in the decision.

McCAMY & WALKER, for plaintiff in error.

SAM. P. MADDOX; BACON & RUTHERFORD, by brief, for defendant.

HALL, Justice.

The East Tennessee, Virginia and Georgia Railroad Company was served with summons of garnishment to answer what it was indebted to, or what effects it had belonging to, the defendant in an attachment in a justice's court in Whitfield county. The summons was served on the agent of the company residing and attending to its business at one of its stations in said county of Whitfield. The corporation acts under charters from each of the states through which its road passes and in which it transacts business. The answer to this summons disclosed this fact, and that it was indebted to the defendant in attachment for wages as a day laborer for services which were performed for it in the state of Tennessee, where he resided and where it conducted its operations; that by the laws of that state the amount of wages due to him was exempt from the payment of his debts; that he had sued it for this amount in the courts of Tennessee, and notwithstanding the garnishment was insisted on in defence of this action, judgment had been given against it, which it would be compelled to satisfy. The Georgia agent answered the garnishment served on him, and denied any indebtedness whatever in this state to the defendant, or that he had ever rendered any services to the corporation here, or that he had any effects, etc. On this answer, the justice rendered judgment against the garnishee, which was carried to the superior court by

writ of *certiorari;* and upon the hearing of that writ, it was sustained, and the cause remanded with instructions to the justice's court.

The judgment remanding it is the error assigned. The counsel for the plaintiff in attachment contends that this case is controlled by *Kyle & Co. vs. Montgomery et al.,* decided at the September term, 1884, of this court,* in which it was held that the property of a non-resident debtor found in this state was subject to attachment, and that the debtor was not entitled to claim the exemption of the property which was allowed either by the laws of this state or that in which he had his domicile, from the payment of his debts; that such exemption laws were local in their application, and had no extra territorial operation. As a Tennessee corporation, the garnishee became indebted to the defendant in attachment, upon a contract made and wholly performed in that state, and for services rendered there. To the Georgia corporation he never rendered any services whatever, under any contract, either express or implied, entered into or performed here either in whole or in part. In *Kyle vs. Montgomery,* the non-resident defendant rendered service to a Georgia corporation under a contract entered into and wholly performed here. The debt was due to him from a party in this state over whom our courts had jurisdiction; he had effects here subject to attachment for his debts. In the case at bar, however, the very foundation for the attachment is wanting; the debtor has neither effects nor a debt due to him from the garnishee in this state; he has not and never had here any effects on which an attachment could be levied; there is nothing to which the jurisdiction of our courts could attach, and it follows that there could have been no other judgment on the *certiorari* than that which was awarded.

Judgment affirmed.

* See 73 *Ga.,* 337.