Emmons, McKee & Co. *vs.* The Southern Bell Telephone and Telegraph Co. *et al.*

---

EMMONS, McKEE & COMPANY *vs.* THE SOUTHERN BELL TELE-PHONE AND TELEGRAPH COMPANY *et al.*

1. Where, in answer to a garnishment, the garnishee admitted indebtedness on account of daily labor performed under employment to labor by the day, and the answer was traversed on the ground that the employé was not a laborer within the meaning of the statute, the issue raised by the traverse was for trial as a question of fact, and upon sustaining a *certiorari* based on the proceeding, the superior court was correct in remanding the case for the trial of that issue.

2. One who owes wages which are exempt from garnishment, need not pay the money into court upon being garnished, but may resist by his answer. The exemption, under §3554 of the code, is exemption from the process of garnishment, and applies as well to detention of the money or its lodgment in court, as to appropriating it to the payment of debts. The fund cannot be seized for

payment into court or any other purpose; and what is suggested, *arguendo*, in *Banks vs. Hunt*, 70 *Ga.* 741, to the contrary of this position is not law.

May 16, 1888.

Garnishment. Laborers. *Certiorari.* Before Judge MADDOX. Floyd superior court. September adjourned term, 1887.

Emmons, McKee & Company sued Dempsey in a justice's court, and on March 16, 1886, obtained judgment. They had previously caused a summons of garnishment to be served on the telephone company, and on the day the judgment was rendered that company answered, through its agent and manager, as follows:

" At the time of said service upon him, he, as agent of said company or as manager or otherwise, had no property or effects in his hands belonging to defendant. Nor had he, as such agent and manager, any property or effects in his hands at this time of answering, nor had he, as such agent or manager, any property or effects in his hands since the service of said summons and the answering, nor at any time between the service and the answering; but says that, at the time of service of the same, the garnishee, as manager of the Southern Bell Telephone and Telegraph Company, owed the said defendant, John M. Dempsey, the sum of fifteen dollars for daily labor, and that, since that time, the sum of eighteen 33⅓–100 dollars for daily labor, and said garnishee has paid over to said defendant the sum of twenty-seven $\frac{75}{100}$ dollars on his wages since the service and the answering, leaving a balance now in my hands as manager of said company, the sum of ten $\frac{58}{100}$ dollars for daily labor, the said Dempsey having been employed by said company by the day; nor does he owe the said defendant anything more, nor did he at the service, nor at any time between the service and the answering "; etc.

On March 17, 1886, this answer was traversed on the grounds that the garnishee was indebted, at the time of the service and since, more than enough to pay off the plaintiff's debt; that this indebtedness was not exempt but subject; and that defendant was not a laborer within the meaning of the law. The cause against the garnishee was heard at the May term, 1886, of the magistrate's court, and on the trial the plaintiffs demurred to the answer for

insufficiency, and moved the court to strike it and to enter up judgment against the garnishee for the amount of the judgment against the defendant, and in the next place to enter up judgment against the garnishee for the amount which was admitted by its answer it owed the defendant. The magistrate denied these motions, and decided that the debts due defendant by the garnishee were for his daily labor and not subject to garnishment, and then dismissed the traverse and discharged the garnishee. No evidence was introduced by either party, nor was any motion to dismiss the traverse or to discharge the garnishee made.

The plaintiff sued out a *certiorari* and assigned as error the actions of the magistrate. On the hearing in the superior court, the plaintiffs moved to enter up judgment against the garnishee for the amount recovered against the defendant or the amount admitted by the garnishee to be due him. The motion was overruled. Plaintiffs then urged the court to make a final disposition of the case on the ground that there were no facts involved, but this the court refused to do. The motion to enter up judgment was made during the argument, and after the court intimated that he would sustain the *certiorari*. The *certiorari* was sustained and a new trial granted, on the ground that the magistrate erred in dismissing the garnishment after the traverse had been filed. The plaintiffs excepted.

HENRY WALKER, for plaintiffs.

No appearance for defendant.

BLECKLEY, Chief Justice.

The plaintiffs in garnishment, after an answer by the garnishee disclosing that the fund in controversy arose from the wages of daily labor, filed a traverse alleging, amongst other things, that the defendant in execution, the debtor, was not a laborer within the meaning of the statute. The justice's court, according to one statement in the

record, dismissed the traverse and discharged the garnishee according to another statement, dismissed the traverse and the garnishment. The court below took this latter statement, and treated the case as one in which, though a traverse had been filed and not duly tried, the justice of the peace dismissed the garnishment; and by reason of that dismissal, the court reversed the judgment of the justice of the peace and ordered a new trial. The plaintiffs in the proceeding, the creditors, complain (1) that the court refused to make a final disposition of the case; (2) that it ordered a new trial instead of making a final disposition in their favor.

1. We think the court ruled correctly in not making a final disposition in favor of either party, but in sending the case back to have a trial on the traverse, to inquire whether the debtor was a day laborer within the meaning of the statute or not. There is nothing in the case that discloses with certainty whether he was such a laborer or not, but the answer indicates that he was; because it sets up that the amount due him was on account of daily labor which he performed, and that he was employed by the day to do the labor.

2. The position taken before us was this: that when the garnishee admitted an indebtedness, it was his duty to pay the fund into the court; and that until it was paid into the court, the question of its exemption would not arise; that after payment into court, the debtor, if a laborer, might claim it as exempt or might waive the exemption at his option; and in support of this position we are referred to the case of *Banks vs. Hunt*, 70 *Ga.* 741, which does, *arguendo*, adopt that view of the law; but we think it is not a correct view. We think that, under section 3554 of the code, all day laborers are exempt from process of garnishment on their daily wages, and that this exemption may be asserted by their employers as well as by themselves. If it had to be asserted by themselves, it would involve withholding from them their wages in every case in which

garnishment is served, until it is answered, and would involve the payment of the money into the court by their employers instead of its payment to the laborer; and we think the obvious public policy is, that laborers' earnings are not to be withheld from them and paid into the court, but are to be paid to them, whether garnishment is served or not. Such wages are exempt not only from being taken under garnishment, but from the process of garnishment. They cannot be seized and detained by garnishment and it is obvious that this is the reason and spirit of the law. Laborers must have their pay; and it will not do to have a system that will involve withholding their wages from them and paying them into court to abide the delay and expense of a claim of exemption on the part of the laborers. This exemption may be asserted by the garnishee, the employer, and we think such is the general spirit of the decisions of this court on the subject; and the case in 70 *Ga.*, in so far as its reasoning is concerned, (and it was no solemn adjudication of the question, but simply an argument on the part of Judge HALL,) is at variance with the main current of decisions as well as with principle and public policy.

Judgment affirmed.