## 64.  HARVEY *v.* THOMPSON.

1. "The act of August 13, 1904 (Acts of 1904, p. 100) entitled, 'An act providing for the situs of debts due to non-residents for the purposes of attachment, and for other purposes,' is not unconstitutional for the reason that it is an attempt to pass an act having extra-territorial effect. And, as applied to a case where it is sought to subject wages earned in another State by an employee of a railway company having a line of a railway in that State and in this State (the wages being for services performed in the other State by a locomotive engineer who, together with his family resided there, and being payable there), the act is not unconstitutional for the reason that it deprives such person of his property without due process of law." *Harvey* v. *Thompson,* 128 *Ga.* 147.

2. The express purpose of the above-stated act was to fix the situs of a debt at the residence of the garnishee, and it thus effectually over-ruled those decisions (such as *Central Ry. Co.* v. *Brinson,* 109 *Ga.* 354, *Kyle* v. *Montgomery,* 73 *Ga.* 337, and *Wells* v. *R. Co.,* 74 *Ga.* 548) in which it had previously been held that the situs of a debt was the domicile of the creditor.

3. A garnishment can be lawfully served upon a foreign corporation by making personal service upon any agent of the company in this State; and such corporation, doing business in this State, may for the purposes of suit be treated as a resident of this State, and of any county therein in which it has an agent upon whom service can be perfected. In such suit it is immaterial that the principal debtor and garnishee are both non-residents, and that the debt garnished was contracted and is payable elsewhere, and in a State by the laws of which it would be exempt from garnishment. *Harris* v. *Balk,* 198 U. S. 215.

4. A statute of Florida, declaring that "no writ of attachment or garnishment or other process shall issue from any of the courts *of this State* to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this State when the money or other thing is due for the personal labor or services of such person," is not an exemption as to the wages themselves, but merely an inhibition against the issuance of process by the courts of Florida. But even if such statute of a sister State provided for an exemption from liability to garnishment, the exemption is a personal privilege as contradistinguished from a right; the law conferring it has no extra-territorial force and can have only a local application. *Kyle* v. *Montgomery,* 73 *Ga.* 337.

5. Under the provisions of the act of 1904, supra, with reference to garnishments, neither the exemption of this State nor that of the State of his residence affords any protection to a non-resident debtor.

Certiorari, from Chatham superior court—Judge Cann.  February 15, 1906.

Submitted February 4,—Decided May 16, 1907.

*S. N. Gazan,* for plaintiff in error.  *Travis & Travis,* contra.

RUSSELL, J.   The following question was, in conformity to law, certified to the Supreme Court, to the end that it might be decided whether the act in question (Acts 1904, p. 100) is or is not unconstitutional for any reason referred to in the question: "Is the act approved August 13, 1904, entitled 'An act providing for the situs of debts due to non-residents for the purposes of attachment, and for other purposes,' (found in Georgia Laws, 1904, p. 100), contrary either to the constitution of the United States or to the constitution of the State of Georgia, for the reason that the legislature of Georgia has no authority or power to pass an act having extra-territorial effect?   Also, is said act, as applied to a case where it is sought to subject wages earned in the State of Florida by an employee of a railroad company having lines of railway, offices, and agents, both in the State of Florida and the State of Georgia (the wages being earned by a locomotive engineer whose entire service was performed in the State of Florida, whose wages by contract were payable there, and who, together with his family, resided in that State), contrary to section 1, paragraph 3, of article 1 of the constitution of the State of Georgia, as embodied in section 5700 of the Code of 1895, or in violation of the clause of the constitution of the United States upon the same subject-matter?"

1.   The Supreme Court having, in response to these questions instructed this court that the act of 1904 providing for the situs of debts due to non-residents for the purpose of attachment (Acts of 1900, p. 100), is not unconstitutional, either for the reason that it is an attempt to pass an act having extra-territorial effect or because it denies due process of law, this court will proceed to deal with the other assignments of error.

2.   As stated by Judge Cobb in delivering the opinion in this case, the situs of a debt, prior to the passage of the act of 1900, had been held in Georgia to be the place where the creditor had his domicile.   It was manifestly the intent of the legislature to declare to the contrary, that in proceedings by garnishment the situs of a debt should be at the residence of the garnishee.

3.   It is well settled that a foreign corporation, such as the Seaboard Air-Line Railway, doing business in this State, may, for the purpose of suit, be treated as a resident of this State and of any county in this State in which it has an agent upon whom service

can be effected. *Saffold* v. *Scottish American Company,* 98 *Ga.* 787; *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561. A garnishment can be legally served upon a foreign corporation by making personal service upon any agent of the company in this State. *Cathcart* v. *C., H. & D. Ry. Co.,* 108 *Ga.* 255, and citations. As to the effect after service, this case, in our opinion, is controlled by the ruling in Harris *v.* Balk, 198 U. S. 215, where it was held that it was not material that both the principal debtor and the garnishee were non-residents, or that the debt was contracted and payable in another State, and in a State by the laws of which it would be exempt from garnishment. In rendering the opinion, Mr. Justice Peckham says: "We do not see the materiality of the expression '*situs* of the debt,' when used in connection with attachment proceedings. If by *situs* is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the *situs* thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign State, when therein sued upon his obligation by his creditor, as he was in the State where the debt was contracted. We speak of ordinary debts, such as the one in this case. It would be no defense in such suit for the debtor to plead that he was only in the foreign State casually or temporarily. His obligation to pay would be the same whether he was there in that way or with the intention to remain. It is nothing but the obligation to pay which is garnished or attached. This obligation can be enforced by the courts of the foreign State after personal service of process therein, just as well as by the courts of the domicil of the debtor." The learned counsel for the plaintiff in error lays much stress on the fact that his answer and motion to dismiss, as well as plea to the jurisdiction, were filed with the express protestation that he does not hereby admit the jurisdiction of the court, either as to his person or as to the fund or property in controversy; and relies upon the decision of *High* v. *Padrosa,* 119 *Ga.* 648, to the effect that a plea to the merits in an attachment case sued out on the ground of non-residence, and which is filed with a distinct protestation that no jurisdiction has been acquired by the levying of the attachment, does not have the effect to admit jurisdiction and will not author-

ize a personal judgment against the defendant. It does not appear that there was personal service in the *Padrosa* case. In this case, after the defendant, George M. Harvey, had filed his defense, motion, and the plea, containing the immunity-from-judgment clause just quoted, the plaintiff served him with a notice of the time and place of the hearing of the attachment under the provision of the Civil Code, §4557, for the purpose of obtaining a general judgment in personam. We agree with the learned counsel that this service is ineffectual for the purpose of obtaining jurisdiction of the defendant, because it was not had until court day and after Harvey had filed his plea. It was too late. But it is not too late for the plaintiff to obtain a judgment in rem; and as the judgment is not exhibited in the record, we are unable to say that a judgment of that kind was not rendered. Furthermore, it appears that the garnishee, the Seaboard Air-Line Railway, answered the garnishment and made no point upon the jurisdiction of the court; and in *Phillips* v. *Thurber,* 56 *Ga.* 393, the court held that "if the garnishee, without objection to the jurisdiction, answers out of the county of his residence, neither the principal debtor, the defendant, nor the claimant of the fund, who had dissolved the garnishment by giving bond and security, can urge the garnishee's non-residence, by plea to the jurisdiction, or otherwise as a means of defeating the garnishment proceedings." In all the Georgia decisions, where the doctrine of situs has been held to be a bar to garnishment proceedings, it appears that there was no service upon the principal debtor. The controlling questions presented by the certiorari, which was sustained by the judge of the superior court, were as follows: (1) That the act of 1904, if constitutional, has no application to a case where there is no property or fund within the jurisdiction of the court. (2) That said fund, if legally brought into a Georgia court, can not be subjected to the payment of the debt, because said fund is exempt from garnishment. In support of the first contention, the learned counsel for plaintiff in error insists that the act of 1904 has no application to a case where there is no property or fund within the jurisdiction of the court, none earned in Georgia, and none having a situs in Georgia; and that therefore the court erred in holding said fund subject to seizure in Georgia, when said fund was not within the jurisdiction of the Georgia courts. Counsel cites

the case of *Central Railroad Co.* v. *Brinson,* 109 *Ga.* 354, to sustain the position that the situs of the debt is at the residence of the creditor. We think this decision is rendered nugatory by the act of 1904, and that such was the manifest purpose of that act. He next insists that there must be property in the hands of the garnishee within the jurisdiction of Georgia, referring to *Wells* v. *East Tenn. R. Co.,* 74 *Ga.* 548, and the *Brinson* case, supra, in which, as we have already stated, it was ruled that a non-resident corporation is subject to the jurisdiction of this State in any county where it has an agent upon whom service can be perfected, and the answer of the garnishee admitted sufficient funds in its hands to pay the debt. Moreover, under the principle ruled in the Balk case, supra, the debt itself was collectible here. It is true that the amendment of the act of 1904, passed by the legislature of 1906 (Acts of 1906, p. 120), was intended to protect such debts as the one now in question, but, unfortunately for the plaintiff in error, it can not have a retroactive effect for his benefit. It was not passed until 1906, and the judgment in his case was rendered in 1905. Unfortunately, too, for the plaintiff in error, the decision in the case of *Wells* v. *East Tenn. R. Co.,* 74 *Ga.* 548, is overruled by the act of 1904. We think, therefore, that, both as a matter of law and also by virtue of the garnishee's answer, the debt due by the garnishee to the debtor was within the jurisdiction of the courts of this State.

4. In reply to the second assignment of error it need only be said that the exemption privilege of Florida will not be enforced here. It has been decided in express terms that the exemption privilege of Georgia does not extend to a citizen of another State. The evidence in this case shows the plaintiff to be a citizen of another State, to wit, of the State of Florida; but under the act of 1904, the fund sought to be garnished is not a Florida fund, and if it is reached in this State by any process, such as garnishment, even though such funds are found in the hands of a nonresident, it has attached to it none of the privileges it enjoyed in Florida. The act of 1904 (Acts 1904, p. 100) destroyed the persuasive authority of the rulings in which it was held that "when the situs of a debt is changed from the State or jurisdiction in which it was created, to some other State or jurisdiction, all its incidents and conditions, materially affecting it, will be preserved

with it, and its interpretation, scope, and validity will be governed by the lex loci contractus." The rule that "if the debt is exempt from judicial process in the State where it is created, the exemption will follow the debt, as an incident thereto, into any other State or jurisdiction into which the debt may be supposed to be carried," announced in Mo. Pac. Ry. Co. v. Sharitt, 30 Central Law Journal, 520, Drake v. Ry. Co., 69 Mich. 168, Wright v. Ry. Co. 27 N. W. 90, and other cases, does not prevail in this State.

5. It was the purpose of the act of 1904 to fix the situs of a debt due by the garnishee to the garnishing creditor's debtor in this State, and in this State to subject it to the laws of this State for all purposes. The exemption from garnishment, applicable to laborers of Georgia, does not apply to citizens of another State. For these reasons, the judgment of the court below was right.

*Judgment affirmed.*