LEVY *v.* HIMMEL & SON *et al.*

Before judgment could be obtained against the resident debtors in this case, there must have been judgment against the non-resident debtors, which could not be had, for want of jurisdiction. The trial court did not err in refusing the injunction on the ground that Chatham county had no jurisdiction of the case in rem or in personam.

MAY 15, 1916.

Petition for injunction. Before Judge Charlton. Chatham superior court. August 24, 1915.

Charles Levy filed his petition against M. L. Himmel & Son, and alleged in substance as follows: He has acted as representative of the defendants in Savannah and the surrounding territory during the eighteen months preceding the filing of the petition, and has made a number of sales of store fixtures manufactured by the defendants. The amounts of the sales, the names of the purchasers, and the portions belonging to the plaintiff are shown in an exhibit attached to the petition. The defendants agreed that the plaintiff was to receive as his compensation 15 per cent. of the amount of the sales, the agreement being made orally and by letters. On the basis of the agreement the defendants are indebted to the plaintiff in the sum of $1007.39, after allowing credit of certain amounts paid to plaintiff. He has endeavored to procure from the defendants a statement showing the exact amount of his earnings which they admitted were due him and which were to become due in the future on contracts already made, and a division of the collections made according to the agreement; but the defendants have refused to furnish such statement, or to check over with him in order that he might ascertain his interest as shown by their books, or to make payments due to him. In neither the contracts made with the persons to whom goods were sold, nor in the bill of particulars of such sales, does plaintiff's interest appear. The method of payment by such persons was direct remittances to the defendants, without any notification to plaintiff. The defendants refuse to advise the plaintiff when such remittances were made. He has learned, however, that more money has come into their hands than they have accounted to him for, and they hold a considerable sum which is his money. They are non-residents of the State of Georgia, and are residents of the State of Maryland and

the City of Baltimore. Certain outstanding debts are due them upon contracts for goods sold by the plaintiff in the manner and form above alleged, and the debtors are residents of Chatham county, Georgia, and within the jurisdiction of this court (setting out the names of the debtors and the amounts alleged to be due by each). The foregoing items are not due, and consequently are not subject to a division between plaintiff and defendants· until maturity; however, on account of the arbitrary and unreasonable manner in which they have treated him in regard to payments already made to them on contracts sold by him, he fears the loss of his portion of the sales and of other amounts due him by them in the event they secure the payments and take the money out of the State of Georgia and beyond the jurisdiction of the court, which they are now trying to do. Plaintiff is without an adequate remedy at law to enforce his rights, in that only a portion of the contracts above set out have matured and been paid over to the defendants; but should he await the maturity and payment of all the items, he would be without means of relief in the State of Georgia; and should he attempt to enforce his rights as·they mature, by piecemeal at common law, it would occasion a multiplicity of suits. He prays, that the Chatham county debtors be made parties to this suit, to the extent that the court issue its writ enjoining them from sending any further payments out of ·the jurisdiction of the court; that in the event of the maturity of said obligations, they be paid into the registry of the court, in order that an equitable distribution may be made of them; that the defendants be temporarily restrained and permanently enjoined from collecting and taking from the jurisdiction of the court any more of the funds referred to in the bill of particulars; and that they be required to produce their records and books of account showing such sums as may be due to the plaintiff, and to fix his rights in the premises; and that the court decree the method by which payments may be made as the ac- · counts mature, in order that plaintiff's rights may be fully protected. Process.was prayed, and service was perfected on Himmel & Son by publication.

The defendants moved to dissolve the restraining order theretofore granted, on the grounds, that it appears from the petition that the superior court of Chatham county has no jurisdiction of

the persons of the defendants, but that the courts of Maryland (City of Baltimore) have jurisdiction of them and of the subject-matter of the suit; and that it appears from the petition that the plaintiff has an adequate remedy at law for the enforcement of any right of action he may have against the defendants. The court dissolved the restraining order and refused the injunction, holding that the superior court of Chatham county had no jurisdiction of the case in rem or in personam, and that "the situs of the debt claimed was not in Chatham county." To this judgment the plaintiff excepted.

*W. R. Hewlett* and *H. P. Cobb,* for plaintiff.

*O'Byrne, Hartridge & Wright,* for defendants.

HILL, J. The plaintiff in this equitable action can have no remedy with respect to the debts alleged to be due by the resident defendants, without getting a judgment against the defendants to whom they owe the debts, and who are non-residents. A judgment fixing the debt due the plaintiff by the non-resident defendants is essential to his getting any remedy against the resident debtors, which is merely collateral to that sought against the non-residents. As against the non-residents he can not get any personal judgment, and the present action is not one in rem. Moreover, the situs of this debt is in Baltimore, it appearing that the resident debtors owe the debt to a non-resident creditor; and according to the allegations of the petition itself these debts are payable in Baltimore. This court ruled in two or more cases that even as against a proceeding in attachment, which was in rem, or at least quasi in rem, the situs of the debt due by a resident to a non-resident was at the place of the residence of the creditor. To meet these decisions an act of the legislature was passed, which provided that where an attachment was taken against a non-resident, and was levied by service of garnishment upon a resident who owed the defendant in attachment, in such a proceeding the situs of the debt should be considered in Georgia; but the act is limited to that one proceeding, which is only in rem, or quasi in rem, and has no application to the case now before us. Therefore the judge correctly refused an injunction, for the reasons given by him.

*Judgment affirmed. All the Justices concur.*