27644. H. J. HEINZ COMPANY *v.* FORTSON.

Decided November 13, 1939.

*A. S. Skelton, Carter, Stewart & Johnson,* for plaintiff in error.
*J. H. & Emmett Skelton, Carey Skelton,* contra.

Guerry, J. In March, 1937, Mrs. L. A. Fortson, a resident of Georgia, brought attachment in Hart County, Georgia, against the H. J. Heinz Company, a non-resident, and sought to acquire jurisdiction of the defendant by service of summons of garnishment upon the Great Atlantic and Pacific Tea Company, also a non-resident, but with an office, agent, and place of business in Hart County. The garnishee answered that it was not indebted to the defendant in any sum whatever on any indebtedness arising in Georgia, but that it was indebted in certain large undetermined sums arising in other States. The defendant filed its plea to the jurisdiction, alleging that it had no office or place of business or agent in Hart County, was not engaged in doing business in Georgia, and that the garnishee had answered that it was not indebted to the defendant; that under the answer there had been no legal service, that the superior court of Hart County had acquired no jurisdiction of the defendant, and that a certain designated court in a named foreign jurisdiction had jurisdiction of the defendant where it should be sued. A timely traverse having been filed to the answer of the garnishee, upon trial the court directed that the garnishee further answer as to what indebtedness the garnishee was owing the defendant "outside of the State of Georgia;" whereupon the garnishee amended its original answer and responded

that it was indebted to the defendant "In connection with the business arising in other States outside of Georgia in a sum in excess of $3000, the amount sued for in the present case." On January 30, 1939, at the December adjourned term, the court found against the plea, and the main case proceeded to trial and a verdict for the plaintiff. The appeal is made to this court only upon exceptions assigning error on the order finding against the plea to the jurisdiction. In passing upon the assignment the sole question is whether the superior court of Hart County acquired jurisdiction of the non-resident defendant doing *no business in Georgia,* and *with no office or agent in Georgia,* by service of summons of garnishment upon a non-resident garnishee, where the garnishee answered that it was indebted to the defendant in attachment in excess of a certain designated sum *"in connection with the business arising in other States outside of Georgia."* It appears that the non-resident garnishee was doing business in Georgia, had an agent and office in Hart County, and was subject to the processes of the superior court of that county; and that it is only the sufficiency of the service in this case that is under attack; whether or not such service was sufficient to give jurisdiction to the court, in an action pending, of the non-resident defendant doing no business in the State and without office or agent in said county or State.

The Code, § 8-502, a codification of the acts of 1904 (Ga. L. 1904, p. 100), and 1906 (Ga. L. 1906, p. 124), provides: "When a suit is brought by attachment against a non-resident of the State and the attachment is levied by service of summons of garnishment, the situs of any debt due by the garnishee to the defendant shall be at the residence of the garnishee in this State, and any sum due to the defendant in attachment shall be subject to said attachment: Provided, that the writ of attachment shall not be used to subject wages of persons who reside out of the State, and which have been earned wholly without the State." The clarity of this section on the issue involved is so manifest that any attempt at elucidation can be but of little aid. It clearly fixes the situs of any debt due by a garnishee—and it makes no difference whether the garnishee be a resident of the State or a non-resident with an office and agent within the State and subject to process—to be the residence of the garnishee in this State. *Levy* v. *Himmel,* 145

*Ga.* 245, 247 (88 S. E. 959) ; *Baker Mercantile Co.* v. *Hancock,* 20 *Ga. App.* 799 (8) (93 S. E. 496) ; *Harvey* v. *Thompson,* 2 *Ga. App.* 569 (2) (60 S. E. 11). While the loci of business operations and an office and place of business *within* the State are of primary consideration in actions at law seeking jurisdiction within the State of non-resident defendants, yet the purpose of the foregoing section is to make it possible to acquire jurisdiction on non-resident defendants in just such cases where the non-resident may not be within the State or doing business or have an office and agent within the State. It is not a prerequisite that at the time of the attachment, and of the service of the summons of garnishment upon the garnishee, the non-resident must have been doing business within the State or have had an office and agent within the State. In such cases attachment may still lie, but would be cumulative and not exclusive as a remedy. Upon the passage of the act of 1904, which was the above section without the proviso, it made no difference where the debt had arisen or where it was payable, whether within or without the State, provided only that the State had jurisdiction of the garnishee as debtor of the defendant to whom the debt might be owing; and there have been, and are now, no limitations relatively thereto, express or inherent, save only as expressed in the proviso set out in the foregoing section with reference to the express exemption from attachment of "wages of persons who reside out of the State, and which have been earned wholly without the State," enacted in 1906 (Ga. L. 1906, p. 120). To contend that a debt due by the garnishee arising from business wholly outside of the State would be exempt from the process of attachment and garnishment, would be as *consonant with reason* as to contend that any goods or effects of the defendant in the hands of the garnishee, to be subject, must have originated entirely within the State; that is, to be subject, a car-load of hogs would have to be Georgia raised, or a car-load of wheat Georgia grown, while Texas hogs or Kansas wheat would be free from process. The fallacy of such contention is apparent.

Moreover, we think the principles enunciated in *Harvey* v. *Thompson,* supra, applicable to the present case. We quote as follows: "A garnishment can be lawfully served upon a foreign corporation by making personal service upon any agent of the company in this State; and such corporation, doing business in this

State, may for the purposes of suit be treated as a resident of this State, and of any county therein in which it has an agent upon whom service can be perfected. In such suit it is immaterial that the principal debtor and garnishee are both non-residents, and that the *debt* garnished *was contracted* and *is payable elsewhere.* . . Harris *v.* Balk, 198 U. S. 215 [25 Sup. Ct. 625, 49 L. ed. 1023]." (Italics ours.) Quoting from Harris *v.* Balk, supra, we find the following language, which, while not directly in point, is at least illuminating: "Attachment is the creature of the local law, and power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues. A judgment against a garnishee, properly obtained according to the law of the State, and paid, must, under the full faith and credit clause of the Federal constitution, be recognized as a payment of the original debt, by the courts of another State, in an action brought against the garnishee by the original creditor." Under the facts in this case the court acquired jurisdiction in rem of the defendant in attachment, and did not err in finding against the plea to the jurisdiction.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*