32636. SOUTHERN RAILWAY COMPANY *v.* COLEMAN.

Decided October 21, 1949.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.

*Hudson & LeCraw,* contra.

WORRILL, J. The sole question presented by this record is whether wages of persons who reside out of the State, which wages have been earned wholly without the State, are subject to garnishment in a case which is not brought by writ of attachment.

Phil H. Coleman, the defendant in the divorce and alimony case, voluntarily submitted himself to the jurisdiction of Fulton Superior Court by acknowledging service, waiving process, and by consenting to the rendition of a judgment by the court against him and obligating him to pay a stated amount of alimony for his wife and for the support of his minor children. That consent judgment conferred jurisdiction of the defendant upon the Superior Court of Fulton County. "1. One named as a defendant in an action may legally appear therein by filing with the record a specific statement in writing signed by him, waiving service, and specifying that he enters his appearance in the case. 2. Such an appearance by the defendant in a case pending in a court of a foreign State, which has jurisdiction over the subject-matter of the suit, is sufficient to give the court jurisdiction of his person, and authorize it to render a general judgment against him, although he may have been in the State of his residence at the time of signing the entry of appearance." *Epps & Leabow* v. *Buckmaster,* 104 *Ga.* 698 (1, 2) (30 S. E. 959). See also *Tate* v. *Leres,* 59 *Ga. App.* 6, 10 (200 S. E. 325), which states that, "There is a well-settled rule of law that a general appearance by a defendant in any cause will give the court jurisdiction of his person . . and 'a general appearance waives not only all defects in process, but even absence of process itself.'"

In *Harvey* v. *Thompson*, 2 *Ga. App.* 569 (3) (60 S. E. 11), this court said: "A garnishment can be lawfully served upon a foreign corporation by making personal service upon any agent of the company in this State; and such corporation doing business in this State, may for the purposes of suit be treated as a resident of this State, and of any county therein in which it has an agent upon whom service can be perfected. In such suit it is immaterial that the principal debtor and garnishee are both non-residents, and that the debt garnished was contracted and is payable elsewhere, and in a State by the laws of which it would be exempt from garnishment. Harris *v.* Balk, 198 U. S. 215."

If it be conceded that the situs of the debt owing the defendant by the garnishee be elsewhere than in the State of Georgia for all other purposes, we think that the fact that personal service and appearance and pleading by the defendant was had in the divorce case, established the situs of that debt in Georgia insofar as the power of a court of this State to enforce its collection, and that the garnishee cannot be heard to say that the funds in its hands are not available to the courts of this State for the purpose of enforcing a judgment rendered by one such court, where jurisdiction of both parties was had by the court, and a judgment against the principal defendant was entered with his consent. As to this point the ruling in *Baxter & Co.* v. *Andrews*, 131 *Ga.* 120 (62 S. E. 42), is controlling adversely to the contentions of the garnishee. In this connection we feel inclined to agree with counsel for the defendant in error wherein they state in their brief that "It would be a strange anomaly of law, indeed, that would say 'We have jurisdiction of [the defendant] to render a judgment, and order him to support his children by payment of alimony, but not jurisdiction to collect it!'" See *Harvey* v. *Thompson*, 128 *Ga.* 147 (57 S. E. 104).

For these reasons, and in view of the authorities cited, we hold that the court did not err in sustaining the motion to strike and in sustaining the traverse of the plaintiff to the answer of the garnishee, and in entering judgment against the garnishee.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*