## 46514. W. T. GRANT COMPANY v. GENERAL FINANCE CORPORATION.

JORDAN, Presiding Judge. Grant, the garnishee in proceedings commenced in the Civil Court of Fulton County, appeals from a judgment in favor of the garnishor, General Finance. The agreed facts disclose that the proceedings were instituted by General Finance to enforce a final consent judgment obtained in the same court against Benefield, who, while the garnishment proceedings were in progress, was an employee of Grant residing in Florida and the head of a family there, and that the amount available to General Finance, if any, was $150, representing a debt owed to Benefield by Grant for wages and ser-

vices performed in Florida. As a defense to the proceedings the garnishee relied on § 222.11, Florida Statutes Annotated, and Georgia *Code* § 8-502. *Held:*

1. "A statute of Florida, declaring that 'no writ of attachment or garnishment or other process shall issue from any of the courts of this State to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this State when the money or other thing is due for the personal labor or services of such person,' is not an exemption as to the wages themselves, but merely an inhibition against the issuance of process by the court of Florida. But even if such statute of a sister State provided for an exemption from liability to garnishment, the exemption is a personal privilege as contradistinguished from a right; the law conferring it has no extra-territorial force and can have only a local application. *Kyle v. Montgomery*, 73 Ga. 337." *Harvey v. Thompson*, 2 Ga. App. 569 (4) (60 SE 11). The Florida statute as quoted, supra, is identical to § 222.11, Florida Statutes Annotated, as quoted in the answer of the garnishee.

2. *Code* § 8-502 is by its express terms for application to an action brought by attachment against a nonresident, levied by a summons of garnishment, to fix the situs of a debt due the defendant at the residence of the garnishee in Georgia, with a proviso exempting wages of a nonresident earned wholly outside Georgia. It is also clear from a study of the early decisions that the statute is limited to attachment, and that the purpose of the proviso, as added in 1906, was to extend to nonresidents the same exemption then afforded residents, and the proviso did broaden the scope of the original statute. See *Harvey v. Thompson*, 2 Ga. App. 569, supra; s. c., 128 Ga. 147 (57 SE 104, 9 LRA (NS) 765, 119 ASR 373); *Lears v. Seaboard A.-L. R.,* 3 Ga. App. 614 (60 SE 343).

Where, as here, the garnishment proceedings are based on a final judgment against the defendant obtained in a court of this State, whereby the plaintiff seeks to enforce the judgment against a resident creditor of the defendant, we do not consider the exemption proviso of *Code* § 8-502 to be applicable to thwart the effort of the plaintiff to satisfy the judgment. This

is in accord with the opinion in *Southern R. Co. v. Coleman*, 80 Ga. App. 227 (55 SE2d 825).

3. Inasmuch as the Florida exemption from garnishment of wages earned in Florida by the head of a family (§ 222.11, Florida Statutes Annotated) has no extraterritorial application in Georgia, and inasmuch as the exemption from garnishment of wages earned by a nonresident wholly outside of Georgia under *Code* § 8-502 is for application only where the plaintiff has instituted attachment proceedings, the contentions of the garnishee are without merit.

> *Judgment affirmed. Quillian and Evans, JJ., concur.*
> ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 29, 1971.

*Brackett, Arnall & Stephens, H. A. Stephens, Jr.,* for appellant.
*Levy, Buffington & Adams, M. Alvin Levy,* for appellee.