65811. UNITED MERCHANTS & MANUFACTURERS, INC. v.
CITIZENS & SOUTHERN NATIONAL BANK.
65880. CITIZENS & SOUTHERN NATIONAL BANK v.
UNITED MERCHANTS & MANUFACTURERS, INC. et al.

BIRDSONG, Judge.

Garnishment — Jurisdiction. Citizens & Southern National
Bank (C&S) obtained a default judgment against Sarah Cannon in an
amount in excess of $6,300. Cannon is a resident of Georgia living in
Augusta. She is employed by United Merchants & Manufacturers,
Inc. (United), a foreign corporation authorized to conduct business in
Georgia with a registered agent in Fulton County. Cannon works in
the Clearwater Finishing Plant, a division of United Merchants
located in Aiken, South Carolina. Ms. Cannon earns all her pay in
South Carolina, is paid exclusively in South Carolina, and United
finances its payroll at the Clearwater plant from a South Carolina
financial institution. C&S filed a continuing writ of garnishment in
Fulton County against United's registered agent. United filed an
answer as garnishee admitting eventually over $2,000 in wages due
Ms. Cannon but denying that it owed any assets to Ms. Cannon
subject to a Georgia garnishment action. In substance United argued
that the court's exercise of Georgia garnishment power had no
extraterritorial effect and thus salary earned by Ms. Cannon in South
Carolina was not subject to garnishment and any attempt to extend
garnishment power to South Carolina assets would be an un-
constitutional extension and violative of due process.

C&S moved for summary judgment on the entire amount of
the indebtedness, contending that United was in violation of the

controlling statute because it had admitted wages due Ms. Cannon after the filing of the notice of garnishment but had declined to pay the amount admitted to be due the employee into the registry of the court. The trial court granted partial summary judgment to C&S concluding that the garnishment filed in Fulton County was sufficient to reach wages paid to Ms. Cannon in South Carolina but denied C&S judgment as to the entire amount of indebtedness, limiting it to the amount of indebtedness admitted by United to have become due to Ms. Cannon after the filing of the writ of garnishment. United appeals the grant of partial summary judgment to C&S and C&S brings its cross appeal complaining that the trial court improperly limited the judgment to the amount of wages admittedly due rather than to the entire amount of the default judgment indebtedness. *Held:*

We observe that United does not dispute that it is amenable to suit in Georgia nor that it was properly served in Fulton County. Thus, United in substance confesses personal jurisdiction. Its main contention is that a garnishment proceeding in effect requires dual jurisdiction, i. e., over the person of the garnishee and over the corpus, that is, the debt owed in the form of salary by United to Ms. Cannon. In this latter regard, it has been United's steadfast position that the salary earned by Ms. Cannon in South Carolina is not subject to garnishment in a Georgia court.

We find United's concession of personal jurisdiction to be appropriate but reject its contention that the situs of the debt has any real relevance in this garnishment proceeding. It has long been the law of this state that a garnishment can lawfully be served upon a foreign corporation by making personal service upon an authorized agent of the company in this state. Such a corporation, doing business in this state, may for the purposes of suit be treated as a resident of this state and of the county in which it has an agent upon whom service can be perfected. In such a suit it is immaterial that the principal debtor (Cannon) and the garnishee (United) may both be non-residents, or that the debt garnished was contracted and is payable elsewhere (i. e., in another state). See *Harvey v. Thompson,* 2 Ga. App. 569, 570-573 (3) (60 SE 11).

*Harvey,* supra, relied in great part upon Harris v. Balk, 198 U. S. 215 (25 SC 625, 49 LE 1023). At pp. 222-223, Harris discussed in relevant terms the issue presented by United in its denial of an appropriate situs. The court there said in pertinent part: "If there be a law of the State providing for the [condemnation] of the debt, then if the garnishee be found in that State, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the

debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that State." (Parenthetically, we conclude that as between Ms. Cannon and United, there is no real question that she could successfully have sued her employer in Fulton County had a dispute arisen between them.) Continuing with the holding in Harris, supra: "We do not see how the question of jurisdiction *vel non* can properly be made to depend upon the so-called original *situs* of the debt . . . . Power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues. Blackstone v. Miller, 188 U. S. 189, 206. If . . . his creditor might sue him there and recover the debt, then he is liable to process of garnishment, no matter where the *situs* of the debt was originally. We do not see the materiality of the expression '*situs* of the debt,' when used in connection with [garnishment] proceedings. If by *situs* is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the *situs* thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign State where therein sued upon his obligation by his creditor, as he was in the State where the debt was contracted. We speak of ordinary debts, such as the one in this case . . . . It is nothing but the obligation to pay which is garnished. . . . This obligation can be enforced by the courts of the foreign State after personal service of process therein, just as well as by the courts of the domicil of the debtor. . . . Notice to the debtor (garnishee) of the commencement of the suit, and notice not to pay to his creditor, is all that can be given. . . . His obligation to pay to his creditor is thereby arrested and a lien created upon the debt itself." We conclude that the wages of Ms. Cannon even though earned wholly without this state are subject to garnishment and that United lawfully was subject to garnishment for those wages where personal jurisdiction was obtained of the garnishee by the State Court of Fulton County. *Southern R. Co. v. Coleman,* 80 Ga. App. 227 (55 SE2d 825). Likewise, we find no merit in the argument that allowing garnishment of wages earned wholly outside this state is an unconstitutional extension of the laws of this state to a debt created outside the geographical limits of this state thus depriving United of due process. See *Morgan v. Morgan,* 156 Ga. App. 726, 727 (1) (275 SE2d 673).

In relation to C&S's cross appeal, we likewise find no error in the scope of the grant of summary judgment. The language of the statute relied upon by C&S carries with it the seeds of destruction of C&S's argument. OCGA § 18-4-113 (Code Ann. § 46-704) provides: "(a) The summons of continuing garnishment shall be directed to the

garnishee, who shall be required . . . (3) To accompany all such answers with any property, money, or other effects of the defendant *admitted* in the answer to be subject to continuing garnishment. (b) The summons of continuing garnishment shall state, the requirements of subsection (a) of this Code section and shall inform the garnishee that failure to comply with such requirements may result in a judgment against the garnishee for the entire amount claimed due on the judgment against the defendant." (Emphasis supplied.) OCGA § 18-4-84 (Code Ann. § 46-503) states: "Delivery to Court of Property: Along with the answer, the garnishee shall deliver to the court the money or other property *admitted* in the answer to be subject to garnishment." (Emphasis supplied.)

As noted earlier in this decision, United has consistently urged that though wages were due Ms. Cannon, those wages were not amenable to garnishment in a court of Georgia as having a situs outside the state. Thus United has never admitted any debt due from it to Ms. Cannon as being subject to garnishment. Until this latter issue had been litigated and found not to be controlling, we are persuaded that as garnishee United could admit an indebtedness but contend and show by denial that the indebtedness admitted is exempt from process of garnishment. Because of its denial, the garnishee could fail to pay the amount into court, without subjecting itself to the penalty of being subject to judgment for the entire indebtedness. See *Emmons, McKee & Co. v. Southern Bell Tel. &c. Co.,* 80 Ga. 760 (7 SE 232); *Woodward Lumber Co. v. Watson, Vansant & Co.,* 8 Ga. App. 114 (2) (68 SE 622). See also *Cale v. Eastern Air Lines,* 159 Ga. App. 630 (284 SE2d 647). This last case provides that if the garnishee is in possession of assets belonging to its debtor that are not subject to garnishment and pays them to a garnishor without raising the exemption, the garnishee renders himself liable to the defendant after payment into court. We conclude that United satisfied the requirements of the law concerning payment into court by admitting the wages due but setting up the arguable defense that the wages were not subject to garnishment. We find no error in the limitation of the amount due C&S in this garnishment.

*Judgments affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 3, 1983.

*Thomas F. Allgood, Jr.,* for appellant (case no. 65811).
*James H. Mobley, Jr.,* for appellee.
*James H. Mobley, Jr.,* for appellant (case no. 65880).

*Thomas F. Allgood, Jr., David A. Brown,* for appellees.