## 28733. WILSON v. GRIMES.

UNDERCOFLER, Justice.

This is an action to enjoin a wage garnishment issued in 1973 upon an alimony judgment entered in 1969. The trial court denied a restraining order. Appellant contends Georgia's garnishment law is unconstitutional because it does not afford him a hearing prior to the issuance of the garnishment. See Code Ann. § 46-101 et seq. (as amended by Ga. L. 1952, p. 153). *Held:*

Appellant does not question the legality of the alimony judgment upon which the wage garnishment was predicated. In our opinion the failure to provide for a hearing before the issuance of a post judgment garnishment of wages is not a denial of due process. Appellant has no basis for his complaint in the absence of an attack upon the alimony judgment. See Code Ann. §§ 46-410 (Ga. L. 1970, pp. 724, 727), 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) does not require a contrary conclusion. That case involved a prejudgment wage garnishment. The difference in the instant case and Sniadach seems apparent to us. Here the judgment has been entered. Presumably it is valid. As a matter of fact, it has not been attacked. The judgment creditor is merely trying to satisfy her judgment by a wage garnishment which is permitted in Georgia only after final judgment. She should not be required to again affirmatively establish the validity of her judgment before the garnishment issues. If the judgment is invalid for any reason, the

judgment debtor should mount the attack. In Sniadach the alleged debtor's wages were garnished prior to a hearing to establish the validity of the alleged claim.
*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 12, 1974 — DECIDED MAY 28, 1974 — REHEARING DENIED JUNE 18, 1974.

*Oze R. Horton,* for appellant.
*Scott Walters, Jr.,* for appellee.