## 59308. TRI B MANUFACTURING, INC. v. R. V. SEATING, INC. et al.

McMURRAY, Presiding Judge.

The `facts of this case involve a foreign judgment. Tri B Manufacturing, Inc., a Texas corporation, sued R. V. Seating, Inc., a Florida corporation, in the State of Florida and obtained a judgment against it on September 29, 1978, in the sum of $29,395.26 plus interest due. That action was a suit on open account.

However, prior to that judgment, on or about June, 1977, R. V. Seating, Inc., after becoming indebted to Tri B Manufacturing, Inc., discontinued its business and visited Georgia to negotiate the sale of its assets, selling all of its assets to Van City U.S.A., Inc., in Athens, Georgia. It delivered such assets to Van City U.S.A., Inc., and collected a check in partial payment upon delivery in Athens, Georgia. Subsequent to such delivery in an effort to obtain payment, R. V. Seating, Inc., filed suit to effect recovery for same in the United States District Court for the Middle District of Georgia, Athens Division, and obtained a judgment against Van City, U.S.A., Inc., which judgment is currently on appeal to the Fifth Circuit Court of Appeals.

The Florida judgment is now final, and there has been no payment made on said judgment. To all intents and purposes, R. V. Seating, Inc., is out of business, is no longer in operation and has no assets other than the lawsuit in the Federal District Court in Athens, Georgia. The business was sold for $37,000. Payment was received in the amount of $10,000, but no other payments were thereafter received, and the suit followed.

Tri B Manufacturing, Inc., now brings this action in a Georgia court against R. V. Seating, Inc., contending the nonresident Florida corporation is now transacting business in Clarke County, Georgia, and is subject to the jurisdiction of the Superior Court of Clarke County and that it is indebted to the plaintiff in the sum of $29,395.26 plus interest from September 28, 1978, on the judgment which plaintiff obtained in the State of Florida.

The defendant answered and in its third defense denied that

the Clarke County Superior Court had personal jurisdiction, contending also that the Florida judgment was not final inasmuch as it has not exhausted its appeals rights pursuant to the laws of the State of Florida. It also counterclaimed against the plaintiff, a Texas corporation, contending it had intentionally, wantonly, and in complete disregard of the law, interfered with defendant's property interest in a judgment defendant obtained against Van City U.S.A., Inc., in the "United States District Court, Northern [Middle] District of Georgia," seeking actual ($5,000) damages including attorney fees and punitive ($15,000) damages against the plaintiff.

Tri B Manufacturing, Inc., also filed a summons of garnishment naming R. V. Seating, Inc., as defendant and Van City U.S.A., Inc., as garnishee on December 1, 1978, contending that the defendant had discontinued its business operation (which is now admitted) and had transferred virtually all of its assets to the garnishee (also admitted) and is insolvent. Defendant's answer to the garnishment is virtually the same as that in answer to the main suit, including a counterclaim of like tenor.

The garnishee answered, contending in general that it has not held nor had control of any property, money or effects of defendant subject to garnishment, in that a judgment against the garnishee had been obtained in the United States District Court for the Middle District of Georgia based upon a contract by and between the parties (R. V. Seating, Inc., and Van City U.S.A., Inc.) but the same has been stayed pending an appeal from that judgment in the United States Court of Appeals for the Fifth Circuit. It further contends that no determination can be made pending the disposition of that appeal.

In the action seeking to make the Florida judgment the judgment of the Georgia court service was accomplished by the Long Arm Statute (Code Ann. § 24-113.1; Ga. L. 1966, p. 343; 1970, pp. 443, 444) "By serving Irving Weiss as resident agent of corp., 2632 Hollywood Blvd. No. 302, Hollywood, Florida." Both plaintiff and defendant moved for summary judgment based upon various pleadings in Florida and in Georgia, including some testimony of an officer of the defendant and also certain facts shown in a stipulation of facts and waiver of jury trial executed by the parties dated July 16, 1979. The substance of the admitted facts are as shown above. A stipulation was also submitted in the garnishment proceeding that the prejudgment garnishment necessarily stands or falls with reference to the main action seeking to make the Florida judgment a judgment of the Georgia court.

The trial court has issued a judgment in the combined actions (the garnishment proceeding and the main action) based upon the stipulated facts, concluding that *Davis Metals, Inc. v. Allen,* 230 Ga.

623, 625 (198 SE2d 285), and a named federal case precluded issuance of a personal judgment against the defendant under the Long Arm Statute (Code Ann. § 24-113.1, supra) "as the cause of action does not arise from any act or transaction in this State and indeed the acts sought to be the basis of the jurisdiction under said Statute are those that took place between the Defendant and the Garnishee in this State and to so construe the Statute would give it an unlimited effect." Based upon the above, the court dismissed the action for want of jurisdiction, and plaintiff appeals. *Held:*

In *Davis Metals, Inc. v. Allen*, 230 Ga. 623, 625, supra, the Supreme Court, in a decision written by Justice Gunter, stated that: "Our Long Arm Statute provides that a court of this state may exercise personal jurisdiction over a nonresident, as to a cause of action arising from any act of the nonresident, if the nonresident 'transacts any business within this state.' The only requirement is that the act or acts of the nonresident, giving rise to the cause of action, must have some relationship to the State of Georgia. There must be minimum contacts with this state."

The Florida judgment which plaintiff seeks to domesticate here arises from a debt on open account incurred between the plaintiff Texas corporation and the defendant Florida corporation. There is no evidence that any goods, the subject of the open account between the plaintiff and the defendant, were shipped to Georgia nor of any contract or other contact between plaintiff and defendant within this state. In other words, there is no contact whatsoever between the subject matter of this lawsuit and the State of Georgia. The trial court was therefore correct in determining that it lacks jurisdiction under the Long Arm Statute, Code Ann. § 24-113.1, supra, and in dismissing plaintiff's actions.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 17, 1980 — DECIDED MAY 13, 1980 —

*Gary L. Pleger*, for appellant.
*Dan A. Aldridge, Jr., John M. McArthur*, for appellees.