## 60149. WILLIAMSON v. WILLIAMSON.

MCMURRAY, Presiding Judge.

Betty Jane Williamson and James F. Williamson were formerly husband and wife prior to April 18, 1977. At that time James F. Williamson obtained a decree of divorce in a superior court in the State of Arizona based upon a petition contending he was domiciled in the State of Arizona for a period of at least 90 days. While Betty Jane Williamson did not appear as a party in that court she was awarded the care, custody and control of their minor children subject to reasonable visitation rights, and the petitioner was ordered to pay $100 per month for each minor child until each minor child reaches the age of 18, their ages being set forth in the decree.

Thereafter, Betty Jane Williamson, alleging the above facts and contending she was a resident of the State of Georgia, in DeKalb County, and that James F. Williamson resided outside of Georgia in the State of California "but has property within the State and may be served by publication," sought judgment against him in the sum of $7,650, based upon the final judgment and decree of divorce issued in the State of Arizona. Her complaint was verified. Service by publication was then obtained upon the defendant.

The defendant filed a verified answer, denying that the Georgia court had personal jurisdiction of him "as he is a resident of the State of California"; or had any in rem jurisdiction, as defendant contends he owns no property within the State of Georgia. Defendant otherwise denied the claim, admitting only the final decree of divorce shown above and that the Arizona court had personal jurisdiction of him.

A separate motion to dismiss was also filed by defendant contending that the jurisdiction of the Georgia court was dependent upon property allegedly owned by the defendant in Georgia and that

he owns no real or personal property of any kind, nature, or description within the State of Georgia.

Plaintiff filed an affidavit in the case setting forth the following: The parties were residents of Georgia prior to their marriage. They were married in Georgia. The defendant had been a member of the United States Army during the entire period of the marriage and subsequent to the divorce, and they had temporarily sojourned outside the state but "their permanent residence remained Georgia until their permanent separation."

The plaintiff then amended her complaint by adding three counts, contending that the Arizona judgment provides child support which may be enforced as a matter of right by garnishment upon affidavit of default and that the Arizona judgment was entitled to full faith and credit in the courts of this state and should be domesticated. Count 2 alleges the defendant has committed a tortious act or omission within this state, that is, the abandonment of his minor children. Count 3 alleges that the defendant's property within the State of Georgia gives this court jurisdiction for the enforcement of the Arizona judgment "to the extent of his property within the state."

The motion to dismiss came on regularly for a hearing, and the trial court made findings of fact that the record discloses, and the plaintiff agrees, that the defendant was a resident of the State of California "at the time of the commencement of this action and has remained a resident at all times subsequent, and . . . the only property of the defendant which the plaintiff contends is within the State of Georgia is the defendant's salary as a member of the United States Armed Forces." The conclusion of law was that the complaint is an in personam action which requires personal jurisdiction over the defendant, and the court has no personal jurisdiction over the defendant; hence, this proceeding was dismissed. Plaintiff appeals. *Held:*

1. Recent decisions by this court as to garnishment prior to domestication of a foreign decree (see Code, Title 46) and attachment in garnishment (Code. Ch. 8-5) may be found in *Tri B Mfg. v. R. V. Seating, Inc.,* 154 Ga. App. 600 (1980) and *Florida First Nat. Bank v. First Nat. Bank,* 154 Ga. App. 211 (1980), respectively. However, service in the case sub judice has only been sought by publication, and not under the "Long Arm Statute" (Code Ann. § 24-113.1; Ga. L. 1966, p. 343; 1970, pp. 443, 444). No order perfecting service has been entered although defendant has answered, albeit subject to his jurisdictional defense as a resident of California. As defendant is a resident of California, the sister state judgment (Arizona) cannot be domesticated in Georgia where personal service upon the defendant

is lacking. No service has been made upon the defendant.

2. Based upon the pleadings and evidence, there is a conflict here as to jurisdiction of the court as to defendant's property in Georgia (if any). However, if the motion to dismiss is to determine the jurisdictional issue (a question of abatement and not on the merits) prior to trial, a jurisdictional defense (see Code Ann. § 81A-112(d); Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), may be set down for hearing and determination made before trial based upon conflicting evidence. See *Hatcher v. Hatcher,* 229 Ga. 249 (190 SE2d 533); *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1) (218 SE2d 108); *Metric Steel Company v. BLI Const. Co.,* 147 Ga. App. 380, 383 (249 SE2d 121). Accordingly, the trial court could determine the factual issue without a jury before trial.

3. Plaintiff's affidavit shows that the petitioner's permanent residence remained in Georgia "until their permanent separation." By brief plaintiff admits that it was stipulated that her husband is a salaried member of the United States armed forces. The findings of fact are that the plaintiff "agrees that the defendant was a resident of the State of California at the time of the commencement of this action and has remained a resident at all times subsequent."

Plaintiff has attempted to turn this matter into an in rem proceeding. She also complains that she was not allowed time to serve the defendant by the use of the "Long Arm Statute" with reference to her amended complaint alleging the tortious action of the abandonment of children. Nevertheless, at the time of the hearing it was stipulated that the husband was a salaried member of the United States armed forces. Further, defendant verified his answer that he owns no property in Georgia and is a resident of California. If this is the only property the defendant has, it is not subject to an in rem proceeding in Georgia, as he is not a resident or domiciled in this state.

4. Count 2 of plaintiff's complaint alleged the defendant committed a tortious act or omission within this state in abandoning his minor children. However, this action is not brought by the mother as next friend or guardian of the children. Hence, the petition shows on its face that this claim is not meritorious.

5. Alleged service was sought upon the defendant by publication. Personal service would be required to domesticate the foreign decree. The trial court determined that the defendant owns no property within the State of Georgia since plaintiff contends that the only property of the defendant is his salary as a member of the United States armed forces and he is a resident of California. The remaining claim (Count 2 of her amended complaint) alleges a

tortious act in the abandonment of the defendant's children in the State of Georgia. However, this claim was not brought by plaintiff as next friend or guardian of the minor children. Accordingly, plaintiff fails to set forth a claim for relief even though service has not been obtained against the defendant by personal service or by the use of the "Long Arm Statute." Code Ann. § 24-113.1, supra.

While defendant's jurisdictional defenses and motion to dismiss only involved questions of abatement and not on the merits, and it is noted that no defense has been filed that the petition fails to state a claim for relief, nevertheless the trial court has dismissed the action. Accordingly, there is no merit in the plaintiff's enumerations of error with reference to the alleged error of the court in dismissing the complaint for lack of personal and in rem jurisdiction; yet if the judgment is right for any reason it will be affirmed. See *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405); *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386).

*Judgment affirmed. Smith and Banke, JJ., concur.*

DECIDED JUNE 26, 1980 —
REHEARING DENIED JULY 14, 1980 —

*Wayne M. Purdom,* for appellant.
*Richard A. Katz,* for appellee.