60924, 60925. MORGAN v. MORGAN et al. (two cases).

McMURRAY, Presiding Judge.

This is a garnishment case arising out of an alleged indebtedness due the plaintiff in the sum of $1,400 accrued alimony installments under a final judgment and decree of divorce between the plaintiff and the defendant. Summons issued thereon to the garnishee, the defendant's employer, a Tennessee corporation authorized to do business in Georgia having an agent for service of process in the county in which this case was filed (DeKalb County). The divorce was obtained in Fulton County.

The garnishee answered, paying into court the sum of $1,052 as subject to process of garnishment.

The defendant, an alleged bona fide resident and domiciliary of the State of Tennessee, filed a traverse to the affidavit of garnishment alleging the affidavit to be "untrue or legally insufficient."

Defendant contends that his counsel appeared specially at a hearing called to contest the subject matter jurisdiction of the trial court on the grounds that (1) no money judgment in favor of the plaintiff against the defendant existed, or (2) in the alternative, the garnishment laws of the State of Georgia were and are unconstitutional in that same violated defendant's rights to due process of law under the Constitution of the State of Georgia and the Constitution of the United States, or (3) in the alternative, the garnishment laws of the State of Georgia were and are unconstitutional as applied to this defendant in violation of the Constitution of the State of Georgia and the Constitution of the United States, citing Shaffer v. Heitner, 433 U. S. 186 (97 SC 2569, 53 LE2d 683). All of the above, including the constitutional attack, is found in a brief in support of defendant's traverse to plaintiff's affidavit filed in the trial court. No written constitutional attack is in the record unless this brief filed in the trial court be considered as a constitutional attack on the law.

After consideration of the record and argument of counsel for both parties the traverse was sustained, and the garnishment dismissed, the trial court ruling "that Plaintiff did not have a money

judgment and . . . the garnishment laws are . . . [not] . . . violative of Defendant's right to Due Process of Law under the United States Constitution," citing Shaffer v. Heitner, 433 U. S. 186, supra.

Plaintiff then moved for more complete findings of fact and conclusions of law, and the trial court complied, setting out the substance of the affidavit, the traverse and brief in support thereof, that plaintiff did not have a money judgment and the constitutional attack upon the garnishment laws, including the divorce and alimony decree as amended nunc pro tunc. The conclusions of law by the court were that there was not a money judgment, and "[t]he garnishment laws of the State of Georgia are not violative of the Defendant's right to Due Process of Law under the United States Constitution." Again the court sustained the traverse and dismissed the plaintiff's garnishment action.

In Case No. 60924 the plaintiff appeals the dismissal of the garnishment proceeding. In Case No. 60925 defendant cross appeals the trial court's holding that the garnishment laws of Georgia and application to the case sub judice are not violative of the defendant's right to due process of law. Both of these cases have been filed in this court, albeit the defendant's statement of jurisdiction is that the Supreme Court of Georgia rather than the Court of of Appeals has jurisdiction of this appeal because it involves the constitutionality of a law of the State of Georgia. *Held:*

1. Considering the constitutional attack upon the post-judgment garnishment law and its application to the facts of the case sub judice, under which this action originated, the Supreme Court has held in *Easterwood v. LeBlanc,* 240 Ga. 61, 62 (239 SE 2d 383), that our post-judgment garnishment law "meets the requirement of judicial supervision and notice, and is not un-constitutional for those reasons." Under the general constitutional attack here of lack of due process, we simply apply *Easterwood v. LeBlanc,* supra, and under the authority of *Phillips v. State,* 229 Ga. 313 (191 SE2d 61), and cases cited therein, we hold that there is no merit in the defendant's claims of lack of constitutionality in the application of unquestioned and unambiguous provisions of both Constitutions and the law as shown by the evidence. This is a garnishment of wages, which has been held to be constitutional in *Wilson v. Grimes,* 232 Ga. 388 (207 SE2d 5). See also *Antico v. Antico,* 241 Ga. 294 (244 SE2d 820).

2. The alimony judgment here was not a foreign decree as was the recent case in *Tri B. Mfg., Inc. v. R. V. Seating, Inc.,* 154 Ga. App. 600 (269 SE2d 94), nor does the case involve an attachment in garnishment as was the case in *Fla. First Nat. Bank v. First Nat. Bank,* 154 Ga. App. 211 (267 SE2d 849). See also in this connection

*Williamson v. Williamson,* 155 Ga. App. 271 (270 SE2d 692).

3. A foreign corporation doing business in this state, having a proper officer for service of process, may be issued a summons of garnishment, naming one of its employees as defendant who has a money judgment in this state pending against that employee. See *Cathcart v. Cincinnati, H. & D. R. Co.,* 108 Ga. 253 (1) 255 (33 SE 875).

4. The test as to whether funds in the hands of another are subject to garnishment is whether or not the defendant in garnishment could recover such funds by suit directly against the garnishee. *Butler v. Billups,* 101 Ga. 102 (28 SE 615); *Carter v. Sherwood Plaza, Inc.,* 118 Ga. App. 612, 614 (164 SE2d 867).

A decree of alimony is a money judgment coming within that definition, and as such may be the subject matter of a post-judgment garnishment proceeding. *Black v. Black,* 245 Ga. 281, 282-283 (2) (264 SE2d 216); *Antico v. Antico,* 241 Ga. 294, supra; *Morrison v. Morrison,* 153 Ga. App. 818 (266 SE2d 521).

Here, the agreement as to the same became the order of the court with the language of the court added thereto: "Ordered made the order of the court," and dated "[t]his 7th June, 1976" the same date as the "Final Judgment and Decree," all of which were filed in the Clerk of Fulton County Superior Court's office on June 10, 1976. This order clearly made the agreement "the order of the court." But even so, a nunc pro tunc order has been entered clarifying this language by clearly stating that the settlement agreement previously "made the Order of this Court . . . is hereby specifically ordered to be incorporated into the Final Judgment and Decree of Divorce entered on the same date, nunc pro tunc."

The trial court erred in sustaining the traverse and in dismissing the garnishment proceeding.

*Judgment reversed in Case No. 60924; affirmed in Case No. 60925. Smith and Banke, JJ., concur.*

ARGUED NOVEMBER 3, 1980 — DECIDED NOVEMBER 18, 1980 — REHEARING DENIED DECEMBER 5, 1980 in CASE NO. 60924 —

*Earnest H. DeLong, Jr.,* for appellant (Case No. 60924).
*Mark W. Crouch, H. Wayne Phears,* for appellees.
*Mark W. Crouch,* for appellant (Case No. 60925).
*Earnest H. DeLong Jr.,* for appellees.