**Susan M. CHAPMAN, Plaintiff,**

v.

**James E. VANDE BUNTE, Defendant.**

**No. 84–1243–CIV–5.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

March 14, 1985.

John V. Hunter, III, Raleigh, N.C., for plaintiff.

James E. Vande Bunte, Lansing, Mich., pro se.

**ORDER**

JAMES C. FOX, District Judge.

Plaintiff, (hereinafter Chapman), instituted a special proceeding before the Clerk of Superior Court of Wake County, North Carolina, seeking the sale of personal property which belongs equally to the parties and the division of the proceeds thereof, Chapman's petition stating that because of the nature of the property it cannot be divided without injury to the parties. Such a special proceeding for the partition of personal property is authorized by the General Statutes of North Carolina, §§ 46–42 *et seq.* Defendant (hereinafter Vande Bunte) filed a petition for removal of the proceeding to this court pursuant to 28 U.S.C. § 1446, alleging original jurisdiction by virtue of diversity of citizenship (which diversity neither party disputes) and further alleging that the amount in controversy exceeds $10,000. Following removal, Vande Bunte moved to dismiss this action, pursuant to F.R.Civ.P. 12(b)(2), because of lack of jurisdiction over the person and property of Vande Bunte. Alternatively, Vande Bunte has moved to transfer this action to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404, contending that the proceeding might have been brought in that district and that the interests of justice and the convenience of parties and witnesses so require. Chapman has moved to have this proceeding remanded to the Wake County Superior Court contending that (a) the action is not a case or controversy within the original jurisdiction of the

court under Article III of the Constitution of the United States, and (b) the amount in controversy does not exceed $10,000.

The undisputed facts appear to be as follows:

On or about May 15, 1980, Chapman and Vande Bunte, both residents and citizens of Michigan and members of its state bar, executed an agreement in Ingham County of said state. This agreement conferred upon each party a one-half undivided interest in artifacts theretofore and thereafter removed by Treasure Salvors, Inc. (situated in Florida), from the shipwreck believed to be the Santa Margarita. An artifact theretofore recovered, to-wit, a gold bar in joint possession of the parties, was placed in a safe deposit box in Ingham County, where it remains to this date.

In June, 1983, Chapman moved to North Carolina and became a resident and citizen of Raleigh. Now a practicing attorney there, she avers she has no intention of returning to or practicing law in Michigan. Chapman does continue to own real property situated in the latter state, however.

Subsequent to June, 1983, Treasure Salvors recovered (or otherwise came into possession of) additional artifacts valued in excess of $20,000, to-wit, a gold chain, 29 silver Spanish coins, and a large silver bar, from the Santa Margarita. The parties were not able to agree as to the disposition or division of these artifacts, and thereafter they were sent to Chapman at her sole request and without Vande Bunte's knowledge, consent or concurrence, and possibly over his express objection and instruction to the contrary.[1] Vande Bunte has had no contact whatsoever with the State of North Carolina, and has never intended for or consented to the artifacts' transfer to this state. On October 4, 1984, Chapman instituted the subject partition proceeding which was removed to this court. Chapman is willing to have the artifacts sold, provided that he is afforded, pursuant to the agreement, a right to purchase the artifacts at whatever proves to be the highest bona fide price offered therefor.

In the court's view, the issues raised by the pleadings should be resolved in the following order:

1. Is an *in rem* proceeding for the partition of personal property a case or controversy within the subject matter jurisdiction of this court?

2. If so, does the amount in such controversy exceed $10,000?

3. If a case or controversy involving the requisite amount is properly before this court, does the court have jurisdiction over the person or property of the defendant which comports with due process of law?

4. If so, should this case be transferred to the Michigan District Court?

In determining the first issue, the court notes that:

1. The parties' joint ownership of the subject property is undisputed; neither seeks to deprive the other of his or her interest therein.

2. The property is lawfully possessed by Chapman; neither party seeks to recover the property from the unlawful possession of another. Chapman did not engage in any fraudulent action in having the artifacts delivered to her in North Carolina.

3. An *in rem* partition proceeding is a legal process utilized to enable a joint owner to sever that relationship and to enjoy his or her property interest in severalty.

4. In such a proceeding, the parties do not seek the resolution of any legal question—i.e. the determination of a question of law, but rather ask the court to perform an administrative function pursuant to legal parameters established by the State of North Carolina.

5. The partition proceeding will not affect Vande Bunte's ability to assert any breach of contract claim against Chapman in either Michigan or North Carolina, nor

---

1. On September 11, 1984, Vande Bunte instructed Treasure Salvors to make no distribution of the artifacts without his concurrence. It is unclear whether their distribution to Chapman occurred prior to or after Treasure Salvors' receipt of Vande Bunde's instruction in this regard.

will it affect the in personam jurisdiction of those states over the respective parties.

■ As indicated by the foregoing, the partition proceeding does not present a dispute in an adversary context, nor is it one which will cause Vande Bunte injury in fact or otherwise. Vande Bunte does not contend that North Carolina's partitioning process is procedurally impermissible under federal law, nor does he complain of its being improperly applied or executed with regard to his interest in the property. Manifestly, the partition proceeding will not result in Vande Bunte's suffering an injury from any putatively illegal action of Chapman. For these reasons, the court does not view the *in rem* partition proceeding as a case or controversy within the subject matter of this court and Chapman's motion to remand will therefore be ALLOWED.[2] In view of this conclusion, it is not necessary to consider whether or not the special proceeding affects property or an interest in an amount in excess of $10,000.

The special proceeding having been improvidently removed to the federal court, the remaining issues raised by Vande Bunte would appear to be moot. The court notes in passing, however, that Vande Bunte's motion for removal essentially requests the federal court to assume command of the *in rem* partitioning process on the one hand, while his motion to dismiss suggests that it would be impermissible to apply the process to his property and to him on the other. While not contending that the *in rem* partition proceeding will *per se* result in any injury to him, he contends that it should not be allowed to inconvenience him and cause him attendant expense absent any contact by him with the North Carolina forum. Thus, the question arises as to what alternatives are available.

No sovereign power of Michigan or the federal government extends to the artifacts, in and of themselves, situated in North Carolina. The fact that such articles became so situated without his consent does not affect the validity of the *in rem* partition proceeding, for the location could have been caused by wind, wave or other act of God which no human mind intended and to which no human act contributed. In the last analysis, nothing else appearing,[3] things must be the subject of a jurisdiction capable of affecting their form, location, possession, existence, etc. It would be abstract justice to determine the interests of people in things without a jurisdiction capable of effecting such determination.

North Carolina has a legitimate governmental interest in the title to any chattel brought within its borders. Each state has the constitutional authority to make its own laws with respect to persons and events within its own borders, *see Magnolia Petroleum Company v. Hunt,* 320 U.S. 430, 436–7, 64 S.Ct. 208, 88 L.Ed. 149 (1943), and any dealing with the artifacts in question in North Carolina is an event within said state. The presence of this governmental interest in the context of an *in rem* proceeding insures compliance with the Due Process Clause. The regular special proceeding initiated against the artifacts gives Vande Bunte adequate notice and opportunity to be heard.

■ *In rem* jurisdiction must exist, at times, without regard to the contact of individuals to the jurisdictional forum. In a true *in rem* proceeding, in order to subject property to a judgment *in rem,* due process requires only that the property itself have certain minimum contacts with the territory of the forum such that maintenance of the proceeding affecting that property, as opposed to a resolution of a

---

**2.** An adversary case or controversy normally involves complex legal and factual issues necessitating research, discovery, evidentiary hearings and advocacy. It also requires extensive preparation and intensive participation by one affected thereby. The foregoing are not attendant upon an *in rem* partition proceeding, and the latter is without the expense and inconvenience attendant to the usual resolution of adversary issues.

**3.** For example, an adversary dispute as to the interpretation of the agreement, or to the interests of the parties in the property, or the right to possession—in short a case or controversy.

dispute between parties concerning an interest therein, does not offend traditional notions of fair play and substantial justice.

For the foregoing reasons, this matter is remanded to the General Court of Justice of Wake County, North Carolina, Superior Court Division, before the Clerk.

SO ORDERED.