Christina May Mary **FERGUSON**, **Appellant–Petitioner**

v.

John Charles **FERGUSON**, **Appellee–Respondent**.

No. 02A03–9311–CV–391.

Court of Appeals of Indiana, Third District.

May 4, 1994.

Transfer Denied Sept. 30, 1994.

Donald D. Doxsee, Fort Wayne, for appellant-petitioner.

Max A. Myers, Fort Wayne, for appellee-respondent.

GARRARD, Judge.

Christina Ferguson (Christina) appeals the trial court's decision that it had no jurisdiction to enforce a foreign spousal support order under Indiana's Uniform Reciprocal Enforcement of Support Act (URESA).[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1987 Christina and her husband, John Ferguson (John), obtained a divorce in Great Britain, which included an order for John to pay spousal maintenance. Christina came to Indiana to live, and John went to Germany to work for the United States Air Force as a civilian employee.

On December 7, 1990, Christina filed a verified petition for registration and enforcement of a foreign support order in the Allen Circuit Court. The petition alleged that John lived in Germany but claimed his residence in Indiana. The petition also maintained that John had property in the United States subject to the jurisdiction of the court, namely civilian pay and retirement benefits held by the United States Air Force Finance Center in Denver, Colorado. Christina requested an order garnishing these benefits for her spousal support and arrearage.

John was served with the petition in West Germany by certified mail return receipt requested. Christina's subsequent motion for default judgment was granted, and the court issued an order for enforcement of the foreign spousal support decree against John's military benefits on April 9, 1991. Almost one year later, on March 9, 1992, John filed a motion for relief from judgment pursuant to Ind. Trial Rule 60, alleging that the enforcement order was void for lack of jurisdiction. On July 27, 1993, the court granted John's motion for relief from judgment, finding that it lacked both *in personam* and *in rem* jurisdiction in this case. Christina appeals this ruling.

## DISCUSSION

Initially, we address John's contention that Christina may not argue *in rem* jurisdiction because this action was originally brought as an *in personam* proceeding.

While John maintains that Christina did not allege that this proceeding was *in rem* in nature until the submission of briefs on the jurisdictional issue in the trial court, we must disagree. Christina's petition included the following:

11. That the respondent has property in the United States of America which is subject to an order of this court, to wit: certain civilian pay and retirement benefits held by the U.S. Air Force Finance Center, Central Disbursing Center, Denver, Colorado.

. . . .

WHEREFORE the petitioner prays that the court confirm the registration of the support order with the clerk of this court and issue an order to the U.S. Air Force Finance Center, Central Disbursing Center, Denver, Colorado to withhold from the respondent's income payable to him the

---

1. Ind.Code § 31–2–1.

sum of $100.00 dollars per week on the arrearage until paid in full and the sum of $193.95 per week for support until further order of this court.

(R. 4–5). Further, Christina's response to John's motion for relief from judgment stated:

8. In addition to the jurisdiction of this court as being *in personam*, the nature of the action is also *in rem*. The action is also against the property of the respondent being his wages and retirement benefits with the U.S. Air Force. Those items being intangible and not having a definite situs, they are reachable though [sic] an order of this court.

(R. 22).

The record of this appeal plainly shows that Christina did not seek to modify the existing spousal support order, but she simply filed to register and enforce the order against John's military benefits. In *Hexter v. Hexter* (1979), 179 Ind.App. 638, 386 N.E.2d 1006, involving two lawsuits seeking enforcement of three foreign judgments for arrearages in child support payments, we stated that where a suit is one to enforce an existing judgment, and not one for the purpose of adjudicating some underlying controversy between the parties, exercise of *in rem* jurisdiction over the defendant's property in Indiana was not precluded on the theory that the defendant had no contact with the State of Indiana that would support *in personam* jurisdiction. *Id.* at 1007. *See also Brown v. Rock* (1987), 184 Ga.App. 699, 362 S.E.2d 480 (in an action seeking domestication of a judgment in order to eventually garnish against property owned in the state, personal jurisdiction is not required).[2] Clearly, the relief sought by Christina against John's military benefits rendered this action an *in rem* or *quasi in rem* proceeding.

■ Christina does not appeal the trial court finding with regard to *in personam* jurisdiction; however, she contends that the court was incorrect in concluding it did not have *in rem* jurisdiction because John did not own or have control over any property located in the State of Indiana. Christina argues that John's military benefits are in the possession of the United States government, and that therefore the situs of the benefits is with the United States government. Since the United States government is present and domiciled in each of the fifty states, Christina concludes that the circuit court had *in rem* jurisdiction over those benefits.

In support of her argument, Christina relies almost exclusively on *Michigan Trust Co. v. Probasco* (1902), 29 Ind.App. 109, 63 N.E. 255, involving a dispute as to which of two estates owned certain stocks. The court found that *in rem* jurisdiction was established in the state where the company issuing the stocks was located. Here, Christina reasons, since the military benefits have as their situs the United States government, which is present in all fifty states, the trial court had *in rem* jurisdiction.

However, as Christina has forthrightly noted to this court, authority exists contradicting her position. In *Williamson v. Williamson* (1980), 155 Ga.App. 271, 270 S.E.2d 692, *aff'd*, (1981), 247 Ga. 260, 275 S.E.2d 42, the court held that the military salary of a nonresident Californian is not property within the State of Georgia so as to confer *in rem* jurisdiction to Georgia courts.

Relying on *Williamson*, the same result was reached in *Polacke v. Superior Court*

2. John argues that a support action is an *in personam* proceeding and that Christina's petition to register and enforce a foreign support order was *in personam* in nature, citing *Jennings v. Jennings* (1988), Ind.App., 531 N.E.2d 1204. However, *Jennings* involved actual child support proceedings seeking an order of support, which clearly requires *in personam* jurisdiction. Here, a valid support order, issued by a court having personal jurisdiction over both parties, already existed. This case is analogous to the situation involved in *Polacke v. Superior Court* (App.1991),

170 Ariz. 217, 823 P.2d 84, cited by John for a different proposition, in which a wife petitioned the court to determine child support arrearages and enforce an existing valid foreign judgment. The court noted that such a proceeding is not one *in personam* but is a *quasi in rem* action: "Under such circumstances, an Arizona court is not necessarily required to obtain *in personam* jurisdiction over a non-resident obligor, either to execute on the foreign judgment or to adjudicate the amount past due." *Id.* at 88.

(App.1991), 170 Ariz. 217, 823 P.2d 84, which involved a special action attacking the trial court's denial of an ex-husband's motion to dismiss, for lack of personal jurisdiction, his ex-wife's action to determine child support arrearages and garnish military retirement benefits under a domesticated foreign judgment. As the ex-husband had neither minimum contacts with the state nor any property located in the state, the court addressed the issue of whether his military retirement benefits could be considered constructively present in the state for the purpose of establishing *quasi in rem* jurisdiction. The court concluded that 42 U.S.C. § 659(a) removes the sovereign immunity bar only to allow garnishment of the salaries of federal employees for child support and alimony payments; it does not increase the jurisdiction of courts. *Id.* at 90.[3] The court concluded that military benefits that are neither issued nor received in the state cannot be considered constructively present to afford *quasi in rem* jurisdiction. *Id.* at 90–91.

Christina urges us to find that *Williamson* and *Polacke* are wrongly decided. She reasons that, under *Probasco,* the situs of intangible property is where the holder is located. Because the United States, the holder of the military benefits, is present in all fifty states, Christina concludes the situs of the military benefits is in Indiana. Alternatively, Christina contends that *Williamson* and *Polacke* are distinguishable because in both cases the respondents lived in the United States and were within the jurisdiction of a United States court. Here, as John was outside the country, Christina maintains that there was no other convenient forum in the United States in which to file the action.

We conclude that the reasoning in *Polacke* and *Williamson* is sound, and the *Probasco* case does not cause us to alter our opinion. Under Christina's reasoning, an action could be filed in any state in the nation to garnish military benefits, regardless of where the defendant was located or where the military benefits were issued. Property must have some minimum contacts with the forum state in order to comport with due process:

> In a true *in rem* proceeding, in order to subject property to a judgment *in rem,* due process requires only that the property have certain minimum contacts with the territory of the forum such that maintenance of the proceeding affecting that property ... does not offend traditional notions of fair play and substantial justice.

*Chapman v. Vande Bunte* (1985), N.C., 604 F.Supp. 714, 716–17.

Here, the military benefits were not issued or received in Indiana. We find that Christina's argument that the military benefits were present in the state is too tenuous to establish the minimum contacts necessary to satisfy the demands of due process. We also note that Christina is not barred from pursuing her claim in a forum which would afford John due process; however, Christina cannot pursue a claim against a nonresident in a forum where he has no contacts or property simply by domesticating a valid foreign judgment. *See Polacke,* 823 P.2d at 91.

Judgment affirmed.

SHARPNACK and HOFFMAN, JJ., concur.

---

3. While Christina attempts to distinguish her case by arguing that she relies on 10 U.S.C. § 1408 instead of 42 U.S.C. § 659(a), we find nothing in the statute to warrant a different result.