39104. POLLOCK PAPER CORPORATION
v. KLEBOLD.

DECIDED SEPTEMBER 29, 1961—REHEARING DENIED
OCTOBER 17, 1961.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers,* for plaintiff in error.

*Houston White,* contra.

FELTON, Chief Judge. 1. (a) The court did not err in overruling the garnishee's motion for a new trial on the general grounds or in overruling its motion for a judgment notwithstanding the verdict. The principal contention of the plaintiff in error is that under the provisions of *Code* § 8-502 the trial court did not have jurisdiction to subject the wages of the defendant to the process of garnishment. It contends that the proviso in *Code* § 8-502 is not a personal exemption such as the one contained in

*Code Ann.* § 46-208. This position on the part of the plaintiff in error is untenable. For the purpose of decision of this case the earnings of the defendant in attachment shall be considered as wages, assuming for the sake of argument that this is true. *Code* § 8-502 provides: "When a suit is brought by attachment against a nonresident of the State and the attachment is levied by service of summons of garnishment, the situs of any debt due by the garnishee to the defendant shall be at the residence of the garnishee in this State, and any sum due to the defendant in attachment shall be subject to said attachment: Provided, that the writ of attachment shall not be used to subject wages of persons who reside out of the State, and which have been earned wholly without the State. (Acts 1904, p. 100; 1906, p. 120.)" The proviso in this Code section is a personal exemption. At the time of the acts of 1904 and 1906, which are codified in the above Code section, the daily, weekly and monthly wages of a citizen of Georgia were exempt from the process of garnishment in toto. The law, as it was in 1904, discriminated between the wages of resident wage earners and nonresident wage earners in that the wages of nonresidents were not exempt and it was the intention of the General Assembly, in the passage of the act of 1906, to put resident wage earners and nonresident wage earners in the same category with reference to the exemption of their wages from the process of garnishment. In view of this intent upon the part of the General Assembly it is crystal clear that the proviso in the above stated Code section is an exemption and not a jurisdictional matter insofar as questions relating to the exemption of wages from the process of garnishment is concerned. *Lears v. Seaboard Airline Ry.,* 3 Ga. App. 614 (60 SE 343). It was the *intention* of the General Assembly *at the time of the passage of the 1906 act,* which is controlling. The fact that the General Assembly has not since the later acts fixing the amounts of exemptions of wages of residents from the process of garnishment removed the discrimination in favor of nonresident wage earners is irrelevant since such failure is immaterial as to the ascertainment of the intention of the General Assembly in the act of 1906. It follows that the wages of a nonresident earned

outside of Georgia are exempt from ordinary debts. But the law of Georgia does not regard a judgment for alimony or child support as an ordinary liability of a debtor, insofar as exemption of his wages from the process of garnishment is concerned. The Supreme Court of Georgia has held that the law exempting the wages of a debtor from his ordinary debts does not apply to a judgment for alimony. *Caldwell v. Central of Ga. Ry. Co.*, 158 Ga. 392 (123 SE 708); *Caldwell v. Central of Ga. Ry. Co.*, 32 Ga. App. 487 (123 SE 911); *Huling v. Huling*, 194 Ga. 819 (22 SE2d 832); also *Hannah v. Hannah*, 171 Ga. 134 (11 SE2d 779). Also see note 54 A.L.R. 2d, p. 432; and 35 C.J.S. 131, § 83. The same rule as applied to the Georgia debtors, insofar as alimony or support judgments are concerned, must necessarily be applied to nonresident debtors under *Code* § 8-502. The principle applying to both classes of debtors, as stated in 54 A.L.R. 2d, p. 1424, is as follows: "The basis of alimony is usually considered to be the natural obligation of a husband to support his wife and children, and the purpose of the exemption laws is almost universally considered to be to protect the unfortunate debtor and save him a means of supporting his family. Applying these broad principles, the courts have generally held that statutes exempting property from legal process in the enforcement of a claim for debt, or debt arising from a contractual relationship, are not applicable against a claim for alimony or support, since such a claim is not a debt and an award of alimony does not create a debtor-creditor relationship between husband and wife." The fact that the basis of the attachment proceeding is a Florida judgment, upon which a Georgia judgment must be rendered before the wife can collect the sums due for a child's support, can in no way alter the fact that the claim is for support and not based on an ordinary debt. This principle was applied in *Green v. Beaumont*, 179 Ga. 804 (177 SE 572), where the judgment for alimony, based on a contract between the parties, was rendered in the City Court of Atlanta. Such a circumstance did not change the nature of the indebtedness so as to make the judgment dischargeable by bankruptcy. The weight of authority holds that ": . . judgment recovered in one state is not merged in a judgment recovered

in another, so as to render the first judgment functus officio and destroy the legal consequences and effect which originally attached to it. . ." 30A Am. Jur. 821, 822, Judgments, § 930.

(b) The contention by the garnishee that the court was without jurisdiction to render judgment against it for the reason that no levy of the attachment had been made and that no res had been seized is without merit. The answer of the garnishee admitting indebtedness gave the court jurisdiction of the question of liability on the part of the garnishee despite the fact that the issue had not been determined at the return term of the attachment and garnishment. The question as to whether the court acquires jurisdiction is determined at the time of the trial. *Albright-Pryor Co. v. Pacific Selling Co.*, 126 Ga. 498 (55 SE 251, 115 ASR 108); *Hendricks v. Ga. Fertilizer Co.*, 40 Ga. App. 427 (149 SE 711). The court had jurisdiction of the garnishee under the first summons of garnishment, under the ruling of subsection "a" of this division, and consequently had jurisdiction as to the subsequent summons served after the service of the original summons and up until the trial. What is said in this subsection applies to ground 4 of the motion for a new trial, which, under the circumstances of this appeal, is no more than an elaboration of the general grounds.

2. Ground 5 of the amended motion for a new trial assigns error upon the admission of evidence relating to the amount due on the Florida decree up to the time of the filing of the declaration in attachment. The question of the amount due was one between the plaintiff and defendant in attachment and was of no concern to the garnishee. The court did not err in overruling the objection of the garnishee to the evidence and in admitting it. *Exchange Bank of Macon v. Freeman & Jones*, 89 Ga. 771 (15 SE 693); *Jones v. Maril*, 19 Ga. App. 216 (91 SE 445). The other assignments of error in ground 5 are not matters affecting the verdict but are attacks upon the final judgment. The assignments of error are: "(a) That no judgment was rendered finding against the garnishee, and in favor of the plaintiff on the traverse to the garnishee's answer prior to final judgment against the garnishee, now movant. (b) The verdict of the jury on the traverse is too vague and indefinite to support a judgment

in favor of the traverse or a finding of any sum subject to the attachment and garnishment, therefore, the court had no jurisdiction to render a judgment on the declaration, or against this garnishee. (c) The judgment on the declaration is not against Robert S. Klebold, or any person as defendant. (d) The plaintiff in the attachment case alleged an indebtedness of $5,200; that in the trial of the traverse she testified the sum due her was $5,200 and her counsel in open court stated this was all she was entitled to recover, and having assumed this position until she obtained a verdict in her favor in the traverse to the answer of the garnishee she is estopped from taking a judgment for an amount in excess of $5,200." *Smith v. Wood*, 189 Ga. 695 (2) (7 SE2d 255); *Dowdle v. West Lumber Co.*, 79 Ga. App. 663 (8) (54 SE2d 682).

3. The assignment of error in amended ground 6 is covered by the rulings herein made on the general grounds and the motion for a judgment notwithstanding the verdict.

4. Ground 7 is covered by the ruling on ground 5.

5. There is no valid assignment of error in the record to the effect that the court was without jurisdiction of the garnishee on the ground that the summonses were served by a deputy sheriff.

The court did not err in overruling the motion for a new trial or the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Bell and Hall, JJ., concur.*

ON MOTION FOR REHEARING.

There is nothing in the ruling in *Southern Ry. Co. v. Coleman*, 80 Ga. App. 227 (55 SE2d 825) which requires a different ruling from the ones herein made.

*Rehearing denied.*