## 36718. WILLIAMSON v. WILLIAMSON.

PER CURIAM.

We granted certiorari in this case to determine "whether personal jurisdiction over a non-resident defendant is necessary in a suit to domesticate a foreign alimony judgment and enforce the judgment against property of the defendant located in this state." See, *Williamson v. Williamson,* 155 Ga. App. 271 (270 SE2d 692) (1980).

The parties to this action were married in Georgia and maintained their permanent residence in this state until the defendant husband moved to Arizona sometime prior to 1977. Plaintiff wife is a resident of DeKalb County, Georgia. In April, 1977 the defendant, alleging that the marriage was irretrievably broken, obtained a divorce in Arizona. The plaintiff did not make an appearance before the Arizona court. The divorce decree ordered that "each party be awarded the community property currently within their respective possessions as their respective sole and separate property." Custody of the couple's three children was awarded to the plaintiff. The Arizona court ordered the husband to pay $100 per month child support for each child until the child reaches the age of 18.

The defendant has served in the United States Army since his marriage to the plaintiff. He is now stationed in, and is a resident of, California. In October, 1979 the plaintiff filed suit in DeKalb County Superior Court, alleging that the defendant was, as of the date of suit, in arrears $7,650 in child support payments in default of the Arizona decree. The plaintiff sought to have the decree of the Arizona court domesticated in the courts of this state under the Full Faith and Credit Clause of the United States Constitution, Art. IV, Sec. I. Plaintiff served the former husband by publication. The defendant answered, denying that the State of Georgia had either personal or *in rem* jurisdiction in the case as he is a resident of California, not before the Georgia courts and owns no property in Georgia. The defendant filed a separate motion to dismiss based on his contention that the Georgia court had no jurisdiction "of any kind" over him.

The plaintiff amended her complaint to contend that the Arizona judgment may be enforced by garnishment upon affidavit of default. She also alleged that "[d]efendant's property within the state gives this court jurisdiction for the enforcement of the Arizona judgment to the extent of his property within the state." The only "property" which plaintiff contends defendant has within the State of Georgia is his United States Army salary which is not issued in this state.

At the hearing on the motion to dismiss for lack of jurisdiction, the trial court made the following findings of fact: that the defendant was a resident of California at the commencement of this action and all times subsequent thereto, and that the only property contended to be within the state was the defendant's United States Armed Forces salary. Plaintiff made no showing at the hearing that defendant's salary has any connection with the State of Georgia. The trial court then concluded that the plaintiff's complaint set forth an *in personam* action which required personal jurisdiction over the defendant and granted the motion to dismiss.

The Court of Appeals affirmed, finding that "as defendant is a resident of California, the sister state judgment (Arizona) cannot be domesticated where personal service upon the defendant is lacking." Noting that the "plaintiff has attempted to turn this matter into an *in rem* proceeding," the Court of Appeals concluded that if defendant's salary "is the only property the defendant has, it is not subject to an *in rem* proceeding in Georgia, as he is not a resident or domiciled in this state."

The plaintiff argues that defendant's salary *is* property within this state which can be garnished pursuant to 42 USC § 659 (a) once the Arizona decree has been domesticated.

1. We first address the question of whether we are obligated to recognize the Arizona child support decree under the Full Faith and Credit Clause.

The United States Supreme Court has stated that ". . .generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, . . .'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is' . . .[T]his general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the

decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due." Sistare v. Sistare, 218 U. S. 1, 16-17 (30 SC 682, 54 LE 905) (1909).

We have followed the rule that under the Full Faith and Credit Clause we must recognize the final and unmodifiable judgment of sister states, and permit suits for amounts due and unpaid thereunder up until the time of suit. *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979); *Cureton v. Cureton,* 132 Ga. 745 (65 SE 65) (1909); *McLendon v. McLendon,* 66 Ga. App. 156 (17 SE2d 252) (1941). Although a foreign decree may be non-final because it can be prospectively modified, "for reasons of comity," "Georgia courts [will] recognize and give prospective enforcement to a foreign alimony or child support decree by establishing it as the decree of a Georgia court through domestication and treating it as though it were a local decree." *Blue,* supra, at 23.

An Arizona decree for child support may not be modified retroactively. Stanley v. Stanley, 24 Ariz. App. 37 (535 P2d 629) (1975); Badertscher v. Badertscher, 10 Ariz. App. 501 (460 P2d 37) (1969). In this sense it is a "final decree." Thus we are bound by the Full Faith and Credit Clause to recognize the validity of the Arizona decree in this state. Left to be considered is whether DeKalb Superior Court had jurisdiction to domesticate the decree and enforce it against the defendant.

2. In Shaffer v. Heitner, 433 U. S. 186, 199 (97 SC 2569, 53 LE2d 683) (1976), the Court noted that *in personam* jurisdiction is based on the authority of the court over the defendant's person and that the judgment "can impose a personal obligation on the defendant in favor of the plaintiff." Where, however, the action is *in rem* or *quasi-in-rem,* "a judgment. . .is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner since he is not before the court." Id. Further discussing *quasi-in-rem* actions, the court stated at 210:

". . .we know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States."[36] [Fn. 36 provides:] "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of

the debt as an original matter."

Thus if it can be shown that the defendant has property in this state, there would be no difficulty in enforcing the Arizona judgment against him here. Personal jurisdiction over the defendant would, of course, not be required.

The trial court and the Court of Appeals determined, without citation of authority, that the defendant has no property within the State of Georgia.

The trial court was authorized to determine whether the defendant had property within the state which could support an *in rem* action. Where lack of jurisdiction is raised as a defense, the trial court may consider that question prior to trial. Code Ann. § 81A-112 (d). Where, as here, there is neither a demand for jury trial on the issues made by the motion to dismiss for lack of jurisdiction, nor an objection to the court trying the issues without a jury, the trial court may properly determine the issues underlying the jurisdictional question without a jury. *Hatcher v. Hatcher,* 229 Ga. 249 (190 SE2d 533) (1972).

Whether the salary of a non-resident member of the United States Armed Forces is "property" within the state such that it will support jurisdiction to an action on a debt is a question that this court has not considered. The plaintiff would argue that under 42 USCA § 659 (a) the United States has made itself present as a garnishee in this state; that the defendant's paycheck is "constructively" present within the state and, as such, may be garnished even though the paycheck is not issued within the state; and that this paycheck is property on which jurisdiction for this action may be based. 42 USCA 659 (a) provides:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

Under this amendment to the Social Security Act, Congress has waived the sovereign immunity of the United States to permit garnishment of sums due members of the armed forces to enforce their legal obligations to pay child support or alimony. This section does not create a statutory right to relief by way of garnishment, but, rather, leaves implementation of its provisions to the state courts. It

has been held that this provision simply removes the barrier of sovereign immunity from a garnishment proceeding otherwise authorized by state law. Morrison v. Morrison, 408 FSupp. 315 (N. D., Texas 1976). State law controls both the procedures and the extent to which wages may be garnished under this section. See generally 44 ALR F2d 494, et seq. The statute itself does not provide that the salary of an armed services member is "property" which is constructively present in every state in the Union.

The plaintiff has failed to establish that the salary of a nonresident armed services member is "property" in this state. Rather, she has merely made a skeletal argument that the defendant's check is constructively within the state such that it will support jurisdiction in this action. The plaintiff has not met her burden of showing that the defendant has *any* property in this state. Thus, even though the Court of Appeals' holding that "personal service would be required to domesticate the foreign decree" is, at best, an incomplete statement of the law, as the plaintiff has failed to demonstrate that the defendant has property in this state, there is no *res,* and personal service *would* be required to domesticate the decree.

Therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 20, 1981 — REHEARING DENIED MARCH 11, 1981.

*Purdom & Ellis, Wayne M. Purdom,* for appellant.
*Richard A. Katz,* for appellee.