### 62019. PHILLIPS v. PHILLIPS.

BIRDSONG, Judge.

Garnishment. Elizabeth Phillips was divorced from Joseph Phillips in the Superior Court of Henry County. Mrs. Phillips was granted an alimony judgment. After the divorce, Mrs. Phillips moved to Cobb County, and Mr. Phillips, a civilian employee of the Department of the Army, moved to and was employed in Orange County, Florida. Mr. Phillips was paid for his services, however, by the Finance and Accounting Office located at Fort Stewart, Georgia, near Savannah. It was asserted that Mr. Phillips became delinquent in alimony payments in an amount of $1,160. Mrs. Phillips filed an affidavit for garnishment with the Finance and Accounting Officer at Fort Stewart. She filed the pleadings upon the Department of Army officer by means of certified mail with return receipt requested. A copy of the garnishment proceedings was served upon the defendant, Mr. Phillips, in Orange County, also by certified mail, return receipt requested. It is not disputed that both the defendant in garnishment and the garnishee received notice. The garnishee never filed a response, but did make three payments by check directly to Mrs. Phillips' attorney, which payments were paid into the registry of the court pending the outcome of the action. Mr. Phillips traversed the affidavit for garnishment alleging that there was no probable cause

for the issuance of the garnishment, for the particular reasons that Mr. Phillips worked outside the state of Georgia and he had no assets or earnings within the state of Georgia, and that the garnishee held no assets other than wages. The trial court entered an order dismissing the traverse and finding in favor of the garnishor. Mr. Phillips brings this appeal urging as error the failure of the trial court to make specific findings of fact and conclusions of law; that service by certified mail does not constitute lawful service; that garnishment under Florida law, where he earned his wages prohibited garnishment of wages, and that the court erred in applying Georgia rather than Florida law. *Held:*

1. Mr. Phillips in his traverse designated his motion as a petition for a hearing. Mr. Phillips in effect filed a plea in bar and did not dispute the underlying validity of the judgment. Thus, his was a motion to dismiss the garnishment, not a contest on the merits. The issues presented by Mr. Phillips are those such as fall under Code Ann. § 81A-112 (CPA § 12). As such, there was no requirement as per Code Ann. § 81A-152 (CPA § 52) that the trial court make findings of fact or conclusions of law. *Walker v. Walker,* 238 Ga. 273, 274 (232 SE2d 554); *Rowland v. Kellos,* 236 Ga. 799 (5) (225 SE2d 302).

2. It is true that Code Ann. § 46-103 contemplates personal service by the sheriff, marshall or constable or like officer of the court in the county in which service is made. However, in this case, service upon the garnishee was made by certified mail. Prior to the granting of its consent, the United States and its agencies were not subject to garnishment. However, by virtue of the provisions of 42 United States Code § 659, the United States (and the United States Army) made itself amenable to garnishment of monies due and owing to its employees. In subsection (b), 42 USC 659 provides for the service of legal process for enforcement of alimony payments by certified mail, return receipt requested. The garnishee in this case was amenable to service of process for the enforcement of the alimony debt only under the provisions of the United States Code cited. Service of appropriate process upon the agency of the United States was perfected in the manner provided in the enabling statute. The agency of the United States responded to the garnishment only by payment of salary due but entered no objection to the method of service. We are unaware of any statute that would allow the defendant to object to the notice given to the garnishee in the absence of such an objection by the garnishee itself nor has Mr. Phillips called any precedent granting him the right to voice a vicarious objection. The appellant having no standing to voice an objection to the sufficiency of service upon a party who has made no such objection, we find this enumeration to be without merit.

As to the service by certified mail upon Mr. Phillips, Code Ann. § 46-105 (a) (4) specifically authorizes notice of service upon the garnishee to be given to the defendant by mail.

3. Appellant Mr. Phillips also complains that the court should have applied Florida law (which exempts wages from garnishment) rather than Georgia law, which has no such exemption even though the wages were earned by him in Florida. However, it is uncontested that the wages for work performed were paid to Mr. Phillips from the employer's location at Fort Stewart, Georgia. The wages of persons who reside out of this state and which have been earned wholly within or without this state are subject to garnishment in this state particularly where the case is not one brought by writ of attachment. *Southern R. Co. v. Coleman,* 80 Ga. App. 227 (55 SE2d 825). Assuming that appellant's wages were wholly earned in Florida, the Florida exemption from garnishment of wages earned in Florida has no extra-territorial application in Georgia. Inasmuch as the exemption from garnishment of wages earned by a nonresident outside of Georgia under Code Ann. § 8-502 is for application only where the plaintiff has instituted attachment proceedings, his contentions as to applicability of Florida law are without merit. *Grant Co. v. General Finance Corp.,* 124 Ga. App. 742, 743 (186 SE2d 324). We find no merit in any of the enumerations raised by appellant in this appeal.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 23, 1981.

*Scott Walters, Jr.,* for appellant.
*Ray Gary, Cindie J. Greenbaum,* for appellee.