## 69396. NELSON v. NELSON.
(327 SE2d 529)

MCMURRAY, Presiding Judge.
Appellee, Joan McClendon Nelson, brought this garnishment action in the State Court of DeKalb County, naming the appellant, Logan Nelson, Jr., as the defendant and the "U. S. Army, Finance and Accounting Officer, ATZN-CMF Commander," Fort McClellan, Alabama, as the garnishee. The debt which was the subject of the action arose from the appellant's failure to pay child support pursuant to a decree entered in the Superior Court of DeKalb County.

At all times during the pendency of the garnishment action, the appellant resided in the State of Mississippi and was employed by the U. S. Army in a civilian capacity in the State of Mississippi. The appellant was served with a copy of the summons of garnishment by certified mail, return receipt requested, in accordance with OCGA § 18-4-64. Service was also made upon the garnishee in Fort McClellan, Alabama, by certified mail, return receipt requested.

The garnishee filed an answer to the summons of garnishment remitting appellant's disposable income. Thereafter, the appellant made a special appearance in the case, filing a traverse to the garnishment affidavit. In his traverse, the appellant alleged, inter alia, that the court lacked jurisdiction over the res which is the subject of the garnishment action.

The trial court entered an order dismissing the traverse and finding in favor of the appellee. This appeal followed. *Held*:

A defendant in a garnishment proceeding has a right to assert claims and defenses with regard to the garnishment fund. *Terrell v. Fuller*, 160 Ga. App. 56 (286 SE2d 50). Of course, this is not to say that a defendant in garnishment has standing to assert defenses which are personal to the garnishee. A defendant in garnishment has no right, for example, to voice an objection to the sufficiency of process made upon a garnishee where no such objection has been made by the garnishee. *Phillips v. Phillips*, 159 Ga. App. 676, 677 (2) (285 SE2d 52).

With regard to defenses which are not personal to the garnishee, however, i.e., defects in the proceeding which affect the rights of the defendant in garnishment, the garnishment defendant does have a right to be heard. In other words, "a garnishee may waive defects in service or in the form of the writ in garnishment proceedings only as it affects him personally, and may not waive defects affecting the principal defendant, either as to his personal rights or the res." 64 ALR 430 (1929). Thus, while a garnishee may waive sufficiency of process, *Phillips v. Phillips*, 159 Ga. App. 676, 677, supra, he may not by waiver confer jurisdiction over a garnishment fund. *Federal Truck Co. v. Mayer*, 216 Mo. App. 443 (270 SW 407) (1925). This is only logical. The garnishment res is money owed by the defendant, see generally *Allied Productions v. Peterson*, 233 Ga. 266, 267 (211 SE2d 123), and the garnishee is a mere stakeholder. The defendant in garnishment is entitled to insist that his money be taken only in accordance with the law. Thus, we hold that the appellant in the case sub judice had standing to assert that the State Court of DeKalb County lacked jurisdiction over the garnishment fund.

Did the State court in fact lack such jurisdiction? We are of the opinion that it did. It is axiomatic that "the judgment of a state Court cannot be enforced out of the state by an execution issued

within it." *M'Elmoyle v. Cohen,* 38 U. S. (13 Peters) 312, 325 (10 LE 177) (1839). See also *Williamson v. Williamson,* 247 Ga. 260, 262 (2) (275 SE2d 42), cert. denied, 454 U. S. 1097 (102 SC 669, 70 LE2d 638). It follows that the State court was without power to enforce the Georgia judgment via the garnishment of appellant's wages in Alabama.

Appellee's contention that 42 USC § 659 empowers the trial court to garnish the appellant's wages in Alabama cannot be sustained. "It has been held that this provision simply removes the barrier of sovereign immunity from a garnishment proceeding otherwise authorized by state law. *Morrison v. Morrison,* 408 FSupp. 315 (N.D. Texas 1976). State law controls both the procedures and the extent to which wages may be garnisheed under this section. See generally 44 ALR [Fed.] 494 et seq. The statute itself does not provide that the salary of an armed forces member is 'property' which is constructively present in every state in the Union." *Williamson v. Williamson,* 247 Ga. 260, 263, 264, supra.

The trial court's reliance upon the third division of *Phillips v. Phillips,* 159 Ga. App. 676, 678, supra, is misplaced. In that case, the garnishee Department of the Army was located and served at Fort Stewart, Georgia. The principle enunciated in *Phillips,* ("The wages of persons who reside out of this state and which have been earned wholly within or without this state are subject to garnishment in this state . . .") has no application where, as here, the *garnishee* is not within this State. Compare *Morgan v. Morgan,* 156 Ga. App. 726 (275 SE2d 673).

The trial court erred in dismissing the appellant's traverse of the affidavit of garnishment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 26, 1985.

*John W. Gibson,* for appellant.
*Ellen Gettinger,* for appellee.