## 74787, 74788. BROWN v. ROCK (two cases).

(362 SE2d 480)

CARLEY, Judge.

In each of these two cases, the appellant-plaintiff therein filed a complaint which sought the domestication of a Virginia money judgment that had been obtained against appellee, a resident of Virginia. Attached to each appellant's complaint was a duly authenticated copy of the Virginia judgment. One of appellants' complaints indicated that the domestication of the Virginia judgment against a Virginia resident was being sought in order that garnishment proceedings could be instituted in Georgia against appellee's unnamed employer, who was alleged to be a resident of this State. The returns of service showed that, in April of 1986, appellee was personally served with appellants' complaints in Virginia. However, appellee never filed an answer to either complaint and, in November of 1986, appellants sought the entry of default judgments. After a hearing, the trial court, on its own motion, entered orders which dismissed both appellants' actions for lack of jurisdiction over the person of appellee, lack of jurisdiction over the subject matter and lack of venue. Each appellant filed an appeal from the trial court's respective order of dismissal and the two appeals are hereby consolidated for appellate disposition in this opinion.

1. Lack of subject matter jurisdiction cannot be waived. "Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." OCGA § 9-11-12 (h) (3). Since the orders of dismissal do not state the basis for the trial court's sua sponte conclusion that it had no subject matter jurisdiction over appellants' actions, we have reviewed the records to determine whether such a basis existed. Appellants had alleged in their complaints that they were proceeding under the Georgia Foreign Money Judgments Recognition Act, OCGA § 9-12-110 et seq., and it is true that that statute has no applicability whatsoever because Virginia is a sister state. See OCGA § 9-12-111; *Collins v. Peacock*, 147 Ga. App. 424, 425 (1) (249 SE2d 142) (1978). Nevertheless, a lack of subject matter jurisdiction over the actions would not necessarily be established merely by appellants' invocation of the inapplicable provisions of OCGA § 9-12-110 et seq. "All pleadings shall be so construed as to do substantial justice." OCGA § 9-11-8 (f). It is clear that appellants seek domestication of a judgment that was entered in their favor against appellee by a Virginia court. "Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this state." *Gordon v. Gordon*, 237 Ga. 171 (227 SE2d 53) (1976). Properly authenticated copies of judgments of the courts of sister states "shall have the same full faith and credit in every court within

this state as they have by law or usage in the courts of such state . . . from which they are taken." OCGA § 24-7-24 (a) (2). Accordingly, since appellants' respective complaints clearly sought the domestication of Virginia judgments, properly authenticated copies of which were attached thereto, viable claims for domestication were stated notwithstanding the otherwise erroneous invocation of OCGA § 9-12-110 et seq. as the authority therefor.

It follows that the trial court had subject matter jurisdiction and that it erred in concluding otherwise. " ' "Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which that particular case belongs . . . [I]f the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." If the particular case falls within the general class of which the court has jurisdiction, then it is necessary to look to the particular case to find grounds for ousting the jurisdiction of the court. . . .' [Cit.]" *Hill v. Kaminsky*, 160 Ga. App. 630, 631 (1) (287 SE2d 639) (1981).

2. It is also unclear from the records why the trial court reached the conclusion that appellants' action should be dismissed because it had no personal jurisdiction over appellee. If appellants, as judgment creditors, are seeking domestication of the Virginia judgments in order that they can eventually proceed by way of garnishment against property that appellee, as the judgment debtor, owns in Georgia, "[p]ersonal jurisdiction over [him] would, of course, not be required." *Williamson v. Williamson*, 247 Ga. 260, 263 (2) (275 SE2d 42) (1981). "Where . . . the action is *in rem* or *quasi-in-rem*, 'a judgment . . . is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner since he is not before the court.' . . . '. . . [W]e know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States.' . . . 'Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter.' *Thus if it can be shown that [appellee] has property in this State, there would be no difficulty in enforcing the [Virginia] judgment[s] against him here.*" (Emphasis supplied.) *Williamson v. Williamson*, supra at 262-263 (2).

Appellants have alleged that appellee has property within this

State which would support *in rem* or *quasi-in-rem* jurisdiction. "The wages of persons who reside out of this [S]tate and which have been earned wholly within or without this [S]tate are subject to garnishment in this [S]tate. . . . [Cit.]" *Phillips v. Phillips,* 159 Ga. App. 676, 678 (3) (285 SE2d 52) (1981). There is, however, no evidence of record which supports those allegations and which shows that appellee is employed and paid by a Georgia resident. Nevertheless, the lack of evidence in this regard is not dispositive. Unlike the defendant in *Williamson v. Williamson,* supra, appellee has never raised the lack of jurisdiction as a defense. Thus, appellants were never required to make an evidentiary showing which supported their allegations of existence of a jurisdictional basis for their actions. Since appellee filed neither a timely motion nor a timely answer, the jurisdictional issue has been waived as a possible basis upon which to predicate the dismissal of appellants' actions. See generally OCGA § 9-11-12 (h) (1) (B). "Where lack of jurisdiction [other than over the subject matter] is [not] raised as a defense, the trial court may [not] consider that question prior to trial. [Cit.]" *Williamson v. Williamson,* supra at 263 (2). Accordingly, as the existence of *in rem* or *quasi-in-rem* jurisdiction has never been contested by appellee, the trial court erred in dismissing appellants' actions.

3. It is also unclear why the trial court concluded that venue was improper. However, regardless of the reason which underlay that conclusion, the defense of improper venue had likewise been waived and the trial court erred in dismissing appellants' complaints on that basis. See *Hubbert v. Williams,* 175 Ga. App. 393, 396 (3) (333 SE2d 425) (1985).

*Judgments reversed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1987.

*John C. Parker, C. Michael Bozeman,* for appellants.
Herman W. Rock, *pro se.*