## A90A0478. SOUZA v. SOUZA.

(395 SE2d 298)

BIRDSONG, Judge.

We granted this discretionary appeal to review the refusal of the trial court to dismiss a garnishment of Wayne Souza's U. S. Marine Corps pay to collect past due child support ordered by a divorce judgment. *Held*:

Wayne Souza contends that the trial court lacked jurisdiction because he alleges that the garnishee, the Marine Corps Finance Center, is located in Missouri and he is stationed in North Carolina. The motion contended that only a court having jurisdiction over the garnishee can order a garnishment, and since the Marine Corps Finance Center is in Missouri and not within the jurisdiction of the court, the court lacked jurisdiction.

Rachel Souza contends, however, that the court had jurisdiction because the garnishee is the Marine Corps, her ex-husband's employer, and the U. S. Marine Corps is within the jurisdiction of the court. She contends she only served the Marine Corps Finance Center only because the federal statute (42 USC § 659 (b)) and federal regulations (5 Code of Federal Regulations ("CFR"), Part 581, Ch. 1, Appendix A) compelled her to do so. Therefore, she contends that OCGA § 18-4-61 authorized bringing the garnishment in the trial court.

Although Wayne Souza argues that this case is governed by our decision in *Nelson v. Nelson*, 173 Ga. App. 546, 548 (327 SE2d 529), we find that case distinguishable. This appeal concerns a military member of the U. S. Marine Corps, whereas *Nelson v. Nelson* concerned a civilian employee apparently of a particular Army installation in Alabama. The U. S. Marine Corps, however, has a presence in this State. Accordingly, we find significant differences between the two which may require different treatment of the cases, and *Nelson v. Nelson*, supra, is not controlling.

In 42 USC § 659 (a) the United States waived its sovereign immunity to permit garnishment of military pay to collect child support and alimony. *Williamson v. Williamson*, 247 Ga. 260, 263 (275 SE2d

42). The waiver of immunity included a plan allowing service of process by mail upon "the appropriate agent designated for receipt of such service of process pursuant to regulations promulgated" to implement the Code section. See 42 USC § 659 (b). The particular federal regulation required the process be served upon the "designated agent of the governmental entity which has moneys due and payable to the obligor, legal process which names the governmental entity as the garnishee." 5 CFR § 581.202 (a). The designated agent to accept service of process for the Marine Corps is the Commanding Officer, Marine Corps Finance Center, Kansas City, Missouri. 5 CFR Part 581, Appendix A.

Thus, the United States has created a plan for perfecting service of process on the U. S. Marine Corps by serving by registered mail the Commander of the Finance Center in Kansas City, Missouri. These procedures, however, do not make the Commander of the Marine Corps Finance Center Souza's employer/garnishee, any more than the registered agent for service of process of a particular corporation would become the employer/garnishee of the corporation's employees. Therefore, Wayne Souza's arguments based upon this contention are without merit. The lower court was authorized to determine whether it had jurisdiction in this matter (*Williamson v. Williamson*, supra), and since Wayne Souza has not otherwise contested the jurisdiction of the court over the U. S. Marine Corps, it did not err by denying his motion.

Further, it is not significant that Wayne Souza's military paycheck may issue from outside the state as long as his employer/garnishee is within the jurisdiction of the court. *United Merchants &c. v. C & S Nat. Bank*, 166 Ga. App. 468, 469 (304 SE2d 552); *Pollock Paper Corp. v. Klebold*, 104 Ga. App. 653, 655 (122 SE2d 459); *J. Austin Dillon Co. v. Edwards Shoe Stores*, 53 Ga. App. 437, 439 (186 SE 470). This appeal differs from the situation in *Williamson v. Williamson*, supra, in which our Supreme Court found that military pay was not constructively present in this State for jurisdiction to attach because here there is no requirement that the pay be in this State. *Phillips v. Phillips*, 159 Ga. App. 676, 678 (285 SE2d 52); *Southern R. Co. v. Coleman*, 80 Ga. App. 227, 229 (55 SE2d 825).

Moreover, service of process was made on the designated agent in the manner prescribed by federal law, and the record shows that the defendant in this case has not contested service. In these circumstances, service of process is not in issue. *Jones v. Jones*, 209 Ga. 861, 862-863 (76 SE2d 801); *Nelson v. Nelson*, supra; *Phillips v. Phillips*, supra. Therefore, we find that the trial court did not err by refusing to dismiss the garnishment.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*Joe R. Edwards, Tyrus R. Atkinson, Jr.*, for appellant.
*Monroe Ferguson*, for appellee.